Katherine Draving and John C. Draving *v.* Lower Southampton Township Zoning Hearing Board and Lower Southampton Township. Lower Southampton Township Board of Supervisors, Appellant.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Ronald J. Smolow,* with him *Groen, Smolow & Burkett,* for appellant.

*E. Dillwyn Darlington,* with him *Cadwallader, Darlington & Clark,* for appellees.

OPINION BY JUDGE CRAIG, February 1, 1979:

This is an appeal by Lower Southampton Township from an order of the Court of Common Pleas sustaining the Dravings' appeal from the Zoning Hearing Board's (Board) order which denied their application for a grant of a variance.

The Zoning Officer issued a violation notice ordering the Dravings to cease and desist from engaging in the "unauthorized commercial use of land zoned exclusively for residential use." The Dravings appealed that order to the Board, claiming that their ceramic operation was a permitted accessory "studio" use or "home occupation" and alternatively sought a vari-

ance. The Board denied the Dravings' application on the grounds that their ceramic operation did not qualify as a permitted accessory use under the zoning ordinance, and that appellants did not show such hardship as would justify the grant of a variance.

The Dravings argue that what they call a "ceramic studio" is a permitted accessory use under Article III, Section 301(12) of the Zoning Ordinance of Lower Southampton Township which states in pertinent part:

> Accessory use on the same lot with and customarily incidental to any of the foregoing permitted uses. The term 'accessory use' shall not include a business but shall include: (a) professional office or studio and (b) room for home occupation; provided that such office, studio or rooms for home occupation shall be located in a dwelling in which the practitioner resides, or in a building accessory thereto, and no goods shall be publically [sic] displayed on the premises.

The Board held that the Dravings' use is not an accessory use under this provision. The Board also denied a variance.

The lower court vacated the Board's order without taking additional evidence, which limits our review to a determination of whether the zoning board abused its discretion or committed an error of law. *Ottaviano v. Zoning Board of Adjustment of Philadelphia*, 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1977).

The Board's order included findings of fact based upon substantial evidence. We conclude that the Board did not err as a matter of law, nor did it abuse its discretion.

The Board found that thirteen full and part-time employees work at the Draving operation 5 days a week, during the hours of 6:45 a.m. to 4:00 p.m. Equip-

ment involved in the ceramic operation includes: five kilns, an electric mixer for the preparation of slip material, and exhaust fans which carry dust, water vapor and carbon dioxide fumes—waste products from the various stages of the ceramic process—out of the basement work area. The gross sales of the operation are $70,000.00 annually.

John Draving testified that his dwelling house is "too small for the operation" and that he envisions moving within the next two years.

The magnitude of the Dravings' operation removes it from any normal concept of "home occupation" or "professional studio."

The Supreme Court, in *Gold v. Zoning Board of Adjustment,* 393 Pa. 401, 143 A.2d 59 (1958), in determining whether a one-chair-basement barber shop in a residential district was an accessory use customarily conducted in a residence, said:

> A practical and sensible approach to the question leaves no doubt that this is not a customary use of a dwelling, such as sewing or cooking might be. . . . Moreover, appellee submitted no evidence to establish that his intended use was one customarily conducted in dwellings.

393 Pa. at 404, 143 A.2d at 60.

Although a home hobby of ceramics or an artist's studio in residence would seem to be within the concept of permitted accessory uses, an operation to the extent of the Dravings' ceramics factory is not customarily incidental to a dwelling house.

Because the Dravings have failed to present any evidence of unnecessary hardship resulting from physical circumstances or conditions peculiar to their property, they have not established any basis for a variance. *Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 298 A.2d 629 (1972).

Moreover, we cannot adopt the view that the Drav-ings are entitled to a variance by estoppel.

Their reliance on the holding in *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963) is misplaced because the latter case of *Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964) clearly limited the doctrine of variance by estoppel to situations involving clear awareness and strong, long-term acquiescence on the part of the municipality, together with subsequent purchasers innocent of the original violation, circumstances not present here.

Unlike the case of *Heidorn Appeal,* 412 Pa. 570, 573, 195 A.2d 349, 351 (1963) where the violating structure "stuck out like the proverbial sore thumb, . . ." so that the municipality was chargeable with knowledge of the violation which resulted in a finding of laches, testimony from John Draving and his employees assures us that the fact of the ceramic operation here has not been observable from the appearance of the residence. The testimony is uncontroverted that the residence externally belies any indication of the major ceramic operation taking place inside. There is no evidence that the township knew or should have known of the illegal operation ongoing since 1963, prior to the 1976 inspection.

The Dravings' argument that the township acquiesced in the illegal use as far back as 1960, when the township issued the Dravings a building permit at a previous residence, is insufficient, primarily because that permit does not relate to the location here involved.

Municipal inaction, without more, cannot support a variance or vested right. *Hasage, supra,* 415 Pa. at 36, 202 A.2d at 64.

We therefore reverse the order of the lower court.

248

ORDER

AND Now, this 1st day of February, 1979, the order of the Court of Common Pleas of Bucks County, entered September 29, 1977, at Docket No. 6379 of 1976, is reversed, and the order of the Zoning Hearing Board of Lower Southampton Township herein, dated June 10, 1976, is reinstated.