Harvey Paul Hanlen and Barbara Hanlen, His Wife, and Larry Warner and Micki Warner, His Wife, Appellants *v.* State College Zoning Hearing Board and Borough of State College.

Argued April 10, 1981, before Judges BLATT, WIL-LIAMS, JR. and MACPHAIL, sitting as a panel of three.

*R. Mark Faulkner, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc.*, for appellants.

No appearance for Zoning Hearing Board.

*Robert K. Kistler, Miller, Kistler & Campbell, Inc.*, for Borough of State College.

OPINION BY JUDGE BLATT, June 26, 1981:

The appellants, owners of the properties in question, challenge a decision of the Zoning Hearing Board (Board) of the Borough of State College (Borough).

In May of 1978, the appellants applied for and received two building permits to construct a double house on each of two lots located in the Borough. Originally, each double house was designed to have two side-by-side dwelling units with two bedrooms in each unit, but in June of 1978, amended building permits were obtained so that a basement with a third bedroom could be added to each dwelling unit. At the time when the amended permits were issued, the Borough's zoning ordinance provided that five unrelated people[1] could live together in a dwelling unit, but in January of 1979, after the houses here concerned had been substantially completed, the zoning ordinance was amended to limit the permissible number of unrelated people living together to three.[2]

Upon completion of the construction, occupancy permits were obtained by the appellants and the houses were occupied in March of 1979 with more than three unrelated persons living in each unit: *i.e.*, with people living in the basement rooms as well as in the rooms above ground. In April, however, the Borough's zoning officer notified the appellants that the amended zoning ordinance was applicable to these houses and that no more than three unrelated people could reside in each dwelling unit. They appealed first to the Board and then to the court below, which affirmed the zoning officer, and this appeal followed.

The appellants contend that the change in the definition of the word "family", as provided in the amended ordinance, required an alteration of the use

---

[1] Under the prior ordinance, "family" was defined to include three unrelated persons and, because under the ordinance a dwelling could house a "family" plus two lodgers, a total of five unrelated persons residing together was possible.

[2] Under the new ordinance, the definition of "family" excluded unrelated persons and the occupancy of a dwelling unit was specifically limited to no more than three unrelated people.

of their property and that they had acquired a vested right to have five unrelated people living in each unit because the building permits had been issued under the ordinance as it read before amendment and they had expended substantial sums in reliance on those permits.

The lower court concluded that the appellants had not gained a vested right to the previous definition of "family" and that they were, therefore, subject to the occupancy limitations of the amended ordinance.[3] We disagree.

The appellants applied for and received permits for the construction of new buildings to be used as two-family residences and we believe that, in such a case, the definition of the term "family" is fundamental to the nature of the use itself. We can reach no other conclusion than that a change in the definition of "family" in such a way as to reduce the occupancy of a building from five unrelated people to three constitutes a change in the use of that building. *Cf. Monumental Properties, Inc. v. Board of Commissioners, Township of Whitehall,* 11 Pa. Commonwealth Ct. 105, 311 A.2d 725 (1973).[4] And, inasmuch as the

[3] There can be no question that a borough or a municipality has a legitimate governmental interest in determining the number of unrelated persons who may reside together under the definition of "family". *Village of Belle Terre v. Boraas,* 416 U.S. 1 (1974).

[4] Although not directly dealing with the doctrine of vested rights, we find to be analogous the case of *Monumental Properties, Inc. v. Board of Commissioners, Township of Whitehall, supra,* wherein we held that, under Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4), a municipality's amendment of its zoning ordinance to reduce the density of dwelling units per acre from 12 to 8 could not be applied to an apartment complex whose preliminary land development plan had been filed prior to the amendment of the zoning ordinance and which provided for 12 units per acre in accordance with the previous ordinance.

decisions of both the court below and the Board were premised on the erroneous legal conclusion that the appellants could not acquire a vested right in the occupancy provisions of the prior ordinance, we must find now that it is necessary to remand this case for a determination as to whether or not the appellants have proved that their rights actually vested.

Our Supreme Court has set out three factors which must be considered in order to determine whether or not the owner of a building permit has acquired a vested right to construct a building and to use the premises as provided by the zoning laws in effect at the time of the issuance of the permit. These standards require the landowner to show:

> (1) that he has obtained a valid building permit under the old zoning ordinance, (2) that he got it in good faith—that is to say without 'racing' to get it before a proposed change was made in the zoning ordinance—and (3) that in good faith he spent money or incurred liabilities in reliance on his building permit. . . .

*Gulf Oil Corp. v. Fairfield Township Supervisors,* 438 Pa. 457, 459, 266 A.2d 84, 86 (1970) (quoting *Penn Township v. Yecko Bros.,* 420 Pa. 386, 217 A.2d 171 (1966)).

When the lower court has taken no additional evidence, as was the case here, we must review the Board's decision to determine whether or not the findings of fact are supported by substantial evidence and whether or not there has been an error of law or an abuse of discretion. *Lower Gwynedd Township v. Provincial Investment Co.,* 39 Pa. Commonwealth Ct. 546, 395 A.2d 1055 (1979). And, unfortunately, we must hold here that the Board has not made sufficient findings of fact to allow us to determine whether or not the standards laid out in *Gulf Oil Corp. v. Fairfield*

*Township Supervisors, supra,* have been met.[5] We must, therefore, order a remand so that the Board may make the apropriate and necessary findings of fact. *See Hamilton v. Zoning Hearing Board of Whitemarsh Township,* 57 Pa. Commonwealth Ct. 451, 426 A.2d 1309 (1981).

### ORDER

AND Now, this 26th day of June, 1981, the order of the Court of Common Pleas of Centre County in the above-captioned matter is reversed and the record is remanded to the court below with the direction that it be returned to the State College Zoning Hearing Board for further proceedings in accordance with the foregoing opinion and with the direction that the Zoning Hearing Board may, if it deems necessary, take additional evidence in order to make adequate findings of fact.

---

[5] Although there is no dispute that the building permit concerned here was valid under the old ordinance or that the appellants obtained the permit in good faith, the Board made no finding as to whether or not the appellants expended substantial sums in reliance on that permit.