## Lower Allen Township v. Zoning Board

*Robert E. Yetter*, for appellant.
*Jerome T. Foerster*, for appellee.
*James D. Flower*, for intervenor.

HOFFER, *J.*, August 10, 1981—On April 21, 1980, Helen Thompson submitted an application to the Zoning Hearing Board of Lower Allen Township (hereinafter referred to as the Board) for permission to construct and operate a beauty salon in her three bedroom ranch home which is located in an R-1 Residence District in Lower Allen Township. She proposed to convert the master bedroom and a powder room into a small two-chair beauty salon. The shop would be in the rear portion of the home and no deliveries would be made to the shop. Only two customers would be at the shop at a time, and she proposed to work alone, and on a part-time and appointment-only basis.

After proper advertisement, a hearing was held on May 15, 1980. The board unanimously approved the application after testimony was presented and they issued a written decision on June 20, 1980. The board made findings of fact and set forth the township's zoning ordinances that relate to a home occupation as a permitted accessory use in an R-1 Residence District. The board concluded "that a beauty shop is similar or compatible with the uses listed under Section 1141.10 as illustrative of home occupations, and therefore a beauty shop is permitted in an R-1 Zone as a home occupation pursuant to Section 1141.10 of the Zoning Ordinance."[1] Appellant, Lower Allen Township, timely filed an appeal from this decision on the grounds that a beauty shop is not permitted accessory use or home occupa-

---

1. Decision of Zoning Hearing Board, Docket no. 80-10, June 20, 1980.

tion in an R-1 Residence District under the township's zoning ordinances.

Section 1113.02 of the Codified Ordinances of Lower Allen Township, Part Eleven—Planning and Zoning Code, 1975, as amended, contains the permitted uses in an R-1 Residence District. Section 1113.02(k) provides the following permitted use: (k) Accessory use on the same lot with and customarily incidental to any of the above permitted uses, and which may include a home occupation and a private garage.

Home Occupation is defined in §1141.10 as follows:

"Any use customarily conducted entirely within a dwelling and carried on solely by the inhabitants residing therein with the exception of a doctor or dentist employing one other person, providing the use is clearly incidental and secondary to the use of the dwelling for dwelling purposes, the exterior appearance of the structure or premises is constructed and maintained as a residential dwelling and no goods are publicly displayed other than signs as provided in Section 1145.02.

Included, but not necessarily limited to, are the following permitted home occupations: architect, attorney, clergyman, dentist, dressmaker, engineer, doctor, teacher (where not more than one student is taught at any one time), writer, preparation of foodstuffs and confectionery, salesman, manufacturers representative and artist."

This court is limited to determining whether the board abused its discretion or committed an error of law when it decided that the type of operation proposed by Helen Thompson was a permitted accessory home occupation: Draving v. Lower Southampton Township Zoning Hearing Board, 40 Pa.

Commonwealth Ct. 243, 397 A. 2d 54 (1979). We must interpret the ordinance as it is written and use the legislative dictionary provided in the ordinance to determine whether the board erred: Boreth v. Philadelphia Zoning Board of Adjustment, 396 Pa. 82, 151 A. 2d 474 (1959).

We find that the board did not commit an error of law or abuse its discretion in deciding that this particular beauty shop fit the definition of a permitted home occupation. The use will be entirely within the home and carried on solely by an inhabitant residing therein. The exterior appearance of the home will be maintained as a residential dwelling and no goods or improper signs will be displayed. Helen Thompson will continue to use the property primarily as her residence.

The dispute herein concerns whether the use is customarily incidental to the use of the dwelling for dwelling purposes. The board properly looked to the nonexclusive list of occupations in the definition of home occupation for guidance. They found that a beauty shop was similar to those occupations that the township considered customarily incidental to the use of a dwelling for dwelling purposes when it adopted the ordinance. Having examined the list, we must conclude that their decision was neither an abuse of discretion nor an error of law.

Appellant cites several cases as authority for the proposition that a beauty shop is not a home occupation. Those cases, however, are not controlling because the zoning ordinances in those cases were significantly different. The Supreme Court was merely affirming that the zoning boards had not abused their discretion or committed an error of law when they found that a beauty shop *was not* a permitted use under the given ordinance. In Benasi v. Board of Adjustment of Haverford Township,

382 Pa. 307, 115 A. 2d 225 (1955), the ordinance expressly provided that an accessory use of a dwelling did not include a business use. The applicant unsuccessfully argued that a beauty salon was a professional office. Similarly, in Gold v. Zoning Board of Adjustment, 393 Pa. 401, 143 A. 2d 59 (1958), the ordinance excluded uses involving the conduct of business. The court held that a barber shop was not a customary use, such as sewing or cooking might be. The case of Boreth v. Philadelphia Zoning Board of Adjustment, 396 Pa. 82, 151 A. 2d 474 (1959) can be distinguished for the same reasons. Home occupation was defined in the ordinances in the latter two cases very generally as "any lawful occupation customarily conducted in a dwelling as an incidental use." The definition in the ordinance in the present case includes a listing of occupations that goes far beyond uses such as sewing and cooking.

The fact that a beauty shop is a permitted use in other zoning districts does not dictate that it cannot be considered a home occupation. Most of the listed home occupations are also permitted uses in the zoning districts where beauty shops are expressly permitted.[2]

Appellants assert that the deletion of "beauty parlor" from the list of home occupations discloses that the Board of Commissioners did not intend to permit any beauty shops in R-1 Residence Districts. Remembering that the list is expressly *not* exclusive, we find that the deletion reveals the intent to not expressly classify *all* types of beauty shops as permitted home occupations. Certain beauty shops,

---

2. See Codified Ordinances of Lower Allen Township, § 1119.03, A-O Apartment Office District; 1123.02, C Commercial General District; and 1125.02, C-N Commercial Neighborhood District.

such as the limited operation described in this case, can be considered a home occupation if the board determines that all the requirements in the definition of home occupation in the ordinance are met.

Accordingly, the decision of the zoning hearing board is affirmed and the appeal is dismissed.

## ORDER

And now, August 10, 1981, for the reasons stated in the opinion filed this date, the decision of the Zoning Hearing Board of Lower Allen Township is affirmed and the appeal is dismissed.