Elaine Ignelzi *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued June 3, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge KALISH, sitting as a panel of three.

*Gretchen G. Donaldson,* Assistant City Solicitor, with her, *Kellen McClendon,* Assistant City Solicitor, and *D. R. Pellegrini,* City Solicitor, for appellant.

*Homer W. King, King, Bowman & Ruprecht,* for appellee.

OPINION BY JUDGE CRAIG, July 10, 1985:

In this zoning case, the Court of Common Pleas of Allegheny County reversed a decision of the Zoning Board of Adjustment of the City of Pittsburgh, which had denied Elaine Ignelzi's request for an occupancy permit allowing nine dwelling units in a building that

she owns. The issues for our determination are (1) whether the trial court erred in concluding that Mrs. Ignelzi had acquired a vested right to operate her property as a multiple-unit dwelling and (2) whether the city's alleged discriminatory enforcement of the zoning ordinance violates equal protection principles and entitles Mrs. Ignelzi to a variance.

According to the facts not in dispute, the two-and-one-half-story brick dwelling was constructed in 1906; from 1923 through 1958 the dwelling was zoned B-Residence, and from 1958 to the present it has been zoned R-2, both of which classifications allowed two-family residential use. In 1941, the city issued an occupancy permit which allowed a single family and four roomers, and in 1945 it issued a second permit for use as a two-family dwelling and an office.

Dr. Louis Ignelzi, Mrs. Ignelzi's late husband, had purchased the property in 1942; after their marriage in 1949, the Ignelzis occupied the first floor of the building and leased the eight apartments on the upper two floors. Since her inheritance of the property in 1958, Mrs. Ignelzi has continued living in the building and renting out the apartments.

In 1981, Mrs. Ignelzi applied for an occupancy permit for a nine-unit dwelling. The board denied her request, and on appeal the trial court appointed a referee, who received additional evidence. The trial court adopted the referee's recommended adjudication, which concluded that Mrs. Ignelzi had acquired a vested right to operate her property as a multiple-unit dwelling.[1]

---

[1] Where the court of common pleas takes additional evidence, our scope of review is to determine whether that court committed an abuse of discretion or error of law. *Knake v. Zoning Hearing Board of the Borough of Dormont,* 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983).

The city contends that Mrs. Ignelzi failed to prove her entitlement to a variance by estoppel or vested right, asserting that the factors necessary to establish a vested right were not present here and that the referee and trial court misapplied the law.

The cases have firmly established that in appropriate circumstances a landowner may acquire a vested right to continue a use which is contrary to the applicable zoning regulations. In *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963), the Pennsylvania Supreme Court reversed a zoning board's refusal to permit the landowners to continue using their property as a multiple-unit dwelling, a use which contravened the zoning ordinance. Although by virtue of its refusal of a variance to earlier owners, the zoning board was aware of the multiple-unit use, the municipality had made no effort to restrict the Sheedys' use of their building for over twenty years. Furthermore, the evidence indicated that great expense would be required to bring the building into compliance.

In the development of that doctrine, the courts have consistently refused to extend this variance-by-estoppel principle to cases where the municipality has merely failed to act over a period of years, *e.g., Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964).[2] As this court has noted, the maintenance of an illegal use for many years "itself is not enough to justify a variance based upon a vested right, absent some evidence that the municipality involved knew or should have know of the il-

---

[2] *See also, Lennox v. Zoning Board of Adjustment of the City of Pittsburgh,* 67 Pa. Commonwealth Ct. 417, 447 A.2d 1049 (1982) ; *Draving v. Lower Southampton Township Zoning Hearing Board,* 40 Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979) ; *Dewald v. Board of Adjustment,* 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974).

legal use. Municipal inaction alone cannot support a variance or a vested right." *Lennox v. Zoning Board of Adjustment of the City of Pittsburgh,* 67 Pa. Commonwealth Ct. 417, 422-23, 447 A.2d 1049, 1051 (1982). (Citation omitted.)

Mrs. Ignelzi contends, and the trial court agreed, that the city's issuance of the two occupancy permits sufficiently distinguishes the present situation from the cases where the municipality had merely failed to enforce the terms of the ordinance. She asserts that the approval of other than single-family use constituted the city's knowing acquiescence in multiple-dwelling use of the structure.

We cannot agree that the issuance of the permits entitled Mrs. Ignelzi to a variance by estoppel. Pittsburgh Ordinance 372 of 1923, which was in effect when the city issued the permits, provided at §10: "[i]n a B Residence District the use regulations shall not be held to prevent the renting of rooms or lodgings or the serving of meals for compensation to not more than four (4) persons," and as noted above, the B-Residence district permitted two-family dwellings as of right.

Accordingly, with respect to the permitted residential uses, the approval of up to four roomers and of two-family occupancy did not indicate the city's acquiescence to any number of family dwelling units greater than two. Because this case falls squarely in line with our other cases holding that municipal inaction alone is insufficient grounds for the granting of a variance by estoppel, we conclude that the trial court erred as a matter of law in determining that Mrs. Ignelzi was entitled to continue the present use of her property on that basis.

With respect to Mrs. Ignelzi's contention before the trial court that the city's failure to enforce the

provisions of the zoning ordinance with uniformity denied her equal protection, we note that she did not allege that the city based its enforcement decisions upon conscious discrimination against an identifiable group. *Yick Wo v. Hopkins,* 118 U.S. 356 (1886). Absent such an allegation, the validity of an ordinance is not compromised by the municipality's failure to prosecute successfully all of those who violate the terms of the ordinance. *Ridley Township v. Pronesti,* 431 Pa. 34, 244 A.2d 719 (1968); *Valicenti's Appeal,* 298 Pa. 276, 148 A. 308 (1929).

Before the trial court, Mrs. Ignelzi also advanced the argument that she was entitled to continue her current use of the property on a nonconforming use theory and that she was entitled to a variance on general variance principles. Because the referee and the trial court determined that she had acquired a vested right, there understandably are no findings and conclusions relevant to the other issues. Accordingly, we must remand the case to the trial court for findings and conclusions on the questions of (1) whether the evidence established a valid nonconforming use which predated the 1923 zoning ordinance and (2) whether the evidence established an undue hardship suffered by the property resulting from special conditions or unique circumstances of the property itself.

## Order

Now, July 10, 1985, the order of the Court of Common Pleas of Allegheny County, SA 626 of 1982, dated August 18, 1983, is reversed, and the case is remanded to that court for findings and conclusions relevant to the appellee's nonconforming use claim and remaining variance claim.

Jurisdiction relinquished.