Whitehall Township, Appellant *v.* B P Oil, Inc., Appellee.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Harry A. Kitey,* for appellant.

*Michael P. Shay,* with him *Jackson M. Sigmon,* and *Sigmon & Ross, P.C.,* for appellee.

Opinion by Judge Crumlish, Jr., September 20, 1979:

Whitehall Township appeals an order of the Court of Common Pleas of Lehigh County reversing the Zoning Hearing Board's denial of B P Oil, Inc's (BP) request for a variance to reconstruct a gasoline station. We affirm the court below in that BP's proposals continue a prior non-conforming use and do not violate township setback requirements.

BP conditionally leased a gasoline station formerly owned by ARCO pending township approval of its building proposals. A gasoline station is a permitted use in the C-2 commercial district and the nonconformity relates only to proximity to other gasoline stations. BP proposed to raze the existing ARCO office and garage housed in one large structure and to install new pumps covered by a canopy and construct a kiosk. BP proposed to do little more than "pump gas" and will not replace the large structure housing the ARCO office and garages.

The township argues that BP's proposals constitute an unreasonable expansion or reconstruction of a prior non-conforming use, thus divesting BP's right to continue the present use. We have previously said that neither the use of the station nor the fixtures thereon constitute nonconformance. The only aspect in which the property fails to meet the ordinance requirements is with respect to proximity to other gasoline stations. BP's proposed plans have absolutely no effect or relationship to this nonconformity and hence the township's attempt to argue that BP's plans expand or terminate a nonconformity are totally without merit.

The township next argues that erection of the kiosk and canopy violates the township setback requirements. The Zoning Board's findings fail to men-

tion the proximity of these fixtures to the abutting roadways. In its discussion, the Board wrote:

> Furthermore, in our opinion, the proposed canopy, measuring seventy-six (76′) feet by twenty-eight (28′) feet, constitutes a structure and, hence, would appear to violate the fifty (50′) foot setback requirement from MacArthur Road as contained in the Whitehall Township Ordinance. It also appears from the plan, as submitted, that the present location of the kiosk would violate the fifty (50′) foot set-back requirement from Michley Road.

Our examination of the testimony and plans provides no basis for impeding BP's proposals. The blueprint discloses the kiosk measures more than 50 feet from the abutting roadway.[1] The canopy, although slightly overlapping into the setback area, occasions nothing more than a de minimis intrusion. The canopy serves as a weather convenience to the motoring public and its removal, which was an option open to the township, would serve no useful purpose. To prohibit a legitimate business use of this property on the basis of a minuscule technical violation of the setback requirements in this instance would be unnecessarily restrictive.[2]

Accordingly, we

---

[1] The township ordinance provides in part, as appellant's brief reads:

> A minimum setback of fifty (50) feet is required of any commercial/industrial establishment from any street or highway right-of-way. . . .

[2] Board failure to make exact findings on matters it now considers integral on appeal, i.e., setback requirements, and its equivocal discussion of setback requirements (quoted above), along with failure to provide the text of the governing ordinance, highlights its attempt at an unwarranted blockade of a legitimate commercial enterprise.

ORDER

AND Now, this 20th day of September, 1979, the order of the Court of Common Pleas of Lehigh County reversing the decision of the Whitehall Township Zoning Hearing Board is affirmed and B P Oil, Inc., is permitted to proceed with it proposed plans.

Judge ROGERS concurs in the result only.