Amoco Oil Company, Appellant *v.* Ross Township Zoning Hearing Board and Ross Township, Appellees.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Victor R. Delle Donne, Baskin and Sears,* for appellant.

*William W. Milnes, Brandt, Milnes, Rea & Malone,* with him *Harry J. Gruener, Litman, Litman, Harris & Specter,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, March 9, 1981:

The Allegheny County Common Pleas Court affirmed the Ross Township Zoning Board's denial of a special exception and the variances necessary to modify an oil company service station from full to self-service. **We reverse.**

Amoco Oil Company's full service gasoline station, consisting of a station building with repair bays and two pump islands, is a legal non-conforming use in an area zoned C-1 Highway Commercial District under the Ross Township Zoning Ordinance. Located on a major highway in Ross Township, this narrow, shoe-shaped corner property contains a station building at the forty-three feet deep larger end and pumps along the twenty-six feet narrower end, all parallel to the major highway. A fourteen-feet high retaining wall along the border separates the operation from a neighboring restaurant.

Amoco's special exception proposes to convert the existing use to self-service by razing the old facilities. The variances will allow for certain traffic safety improvements, price sign changes, the installation of new pumps, a small cashier's booth, a protective canopy over the pump islands, and the necessary reduction in the 30-foot C-1 setback requirement.

Following the Zoning Hearing Board denial, the Allegheny County Common Pleas Court appointed a land use referee to take testimony de novo. Modifying the referee's tentative decision, the court concluded that Amoco not only failed to justify its request on the expansion of trade doctrine by showing that self-service conversion was compelled by trade increases, but it could not demonstrate a hardship special to the property.

Amoco argues that, given the odd shape and narrow size of the subject property, the confiscatory effect of a literal application of all the zoning ordinance's yard requirements, and the trend of Pennsylvania law to extend non-conforming uses to accommodate modernization and increased trade, the lower court, by its refusal, erred. The Township responds that the natural expansion doctrine is inapplicable since Amoco does not really need to service increased trade but merely seeks to increase its profits. We cannot agree.

Historically, Pennsylvania's well-established doctrine allowing the expansion of non-conforming uses has uniformly accommodated the needs of natural expansion and increased trade. In *Gilfillan's Permit,* 291 Pa. 358, 140 A. 136 (1927), our Supreme Court approved the construction of a cement warehouse to replace an open lumberyard located in an area zoned residential and business:

Petitioner's business had been established at its present location long before the passing of

the zoning ordinance and was actively conducted at the time the ordinance went into effect; accordingly, as the property was then used for lawful purposes, *the city was without power* to compel a change in the nature of the use, or *prevent the owner from making such necessary additions to the existing structure as were needed to provide for its natural expansion and the accommodation of increased trade,* so long as such additions would not be detrimental to the public welfare, safety and health. (Emphasis added.)

*Id.* at 362, 140 A. at 137.

The doctrine has been judicially extended to not only warrant constitutional protection but accommodate the dictates of business and modernization:

The rationale behind the [natural expansion] doctrine can be traced to the due process requirements protecting private property. If a person owns property which constitutes a valid non-conforming use, it is inequitable to prevent him from expanding the property, as the dictates of business or modernization require. (Explanation added.)

*Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 102, 255 A.2d 506, 507 (1969).

Consequently, municipal attempts to prohibit the natural expansion of legal non-conforming uses either directly by complete prohibition. *Silver v. Zoning Board of Adjustment, supra* (Philadelphia Zoning Code's prohibition against increasing the number of units in certain non-conforming multiple dwellings); or indirectly by the usual administrative refusal to either accommodate physical expansion of business, *In Re: Mack's Appeal,* 384 Pa. 586, 122 A.2d 48 (1956) (one-room addition to a service station for

storage of tires and the sale, repair and storage of lawn mowers) ; reasonably extend the non-conforming use, *Township of Lower Yoder v. Weinzierl,* 2 Pa. Commonwealth Ct. 289, 276 A.2d 579 (1971) (auto body business in residentially-zoned area permitted to alter shape and size of facility) ; or overlook unreasonably restrictive zoning regulations, *Whitehall Township v. B.P. Oil, Inc.,* 46 Pa. Commonwealth Ct. 144, 406 A.2d 250 (1979) (gasoline station reconstruction permitted where overlapping of proposed pump canopy into Township's 50-foot setback requirements was minor) have met with consistent failure. In the alternative, if the proposed conversion were to lead to the creation of a new non-conforming use, *Township of Kelly v. Zoning Hearing Board of Kelly Township,* 36 Pa. Commonwealth Ct. 509, 388 A.2d 347 (1978) (proposed extension of part-time scrap and salvage yard to include large hydraulic shears machine) ; *Frank Casilio & Sons v. Zoning Hearing Board,* 26 Pa. Commonwealth Ct. 608, 364 A.2d 969 (1976) (requested extension of a small, manual sand and gravel sorting operation to an automated mechanical processing plant) ; extend it to land not previously devoted to the non-conforming use, *Collis v. Zoning Hearing Board of East Allen Township,* 51 Pa. Commonwealth Ct. 368, 415 A.2d 102 (1980) ; or be found detrimental to the public health, safety and welfare of the community. *Gross v. Zoning Hearing Board of Adjustment,* 424 Pa. 603, 227 A.2d 824 (1967), and *City of Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971), then we would have no other choice than to deny Amoco's request. However, we are confronted with a unique and compelling set of circumstances on both the special exception and variance issues.

Although there is ample testimony in support of the "increase in trade" question, the substantive rea-

son for modernization appears to be Amoco's need to update their current facilities in order to accommodate both the increase in trade and the modern trend toward self-service. The razing of Amoco's non-conforming use does not eliminate its right to continue its present use, *Whitehall Township v. B.P. Oil, Inc.,* *supra,* so the remaining question is whether the proposed conversion constitutes a reasonable and natural expansion of the non-conforming use. "[T]he mere adoption of more modern instrumentalities in a business will not be prohibited, provided they are reasonably adapted to conducting the existing business." *Township of Kelly v. Zoning Hearing Board of Kelly Township, supra* at 512, 388 A.2d at 349. *And see Silver v. Zoning Board of Adjustment, supra,* and *Cheswick Borough v. Bechman,* 352 Pa. 79, 42 A.2d 60 (1945). We recognize that mere proof of modernization should not, in itself, mandate the proposed expansion of a non-conforming use, but the evidence satisfies us, without doubt, that Amoco has demonstrated a real need to keep pace with competition which, the American Petroleum Institute estimates, "self-serves" approximately 39% of all the 1978 retail gasoline in the United States.

In these circumstances, this Zoning Ordinance does not bar the proposed transition. Although Article 600 does seek to "restrict further investment in uses or structures which are inappropriate as to their location," the Township expressly intended in Section 301 that the C-1 Highway Commercial District concentrate "the more intensive non-residential uses in areas which are oriented to vehicular traffic of a heavy nature, including shopping centers." Considering that the C-1 District allows existing gasoline stations with car washes, and our approval of Amoco's right to reasonable expansion and modernization, we must conclude that the proposed self-service operations are a

reasonable and logical extension of the existing full service gasoline business.

As to the application for variances to reduce the setback requirements, alter the price sign, and erect a canopy over the pump islands, we have held that the owner of a non-conforming use may be required to meet vigorous variance standards before the right to expand the use my be exercised, and that the necessary hardship for variance may be found not only in the property's unique physical characteristics, *Zoning Board of Adjustment v. Koehler,* 2 Pa. Commonwealth Ct. 260, 278 A.2d 375 (1971), but the true need to expand the use in response to the dictates of business. *Snyder v. Zoning Hearing Board of the Borough of Zelienople,* 20 Pa. Commonwealth Ct. 139, 341 A.2d 546 (1975). *And see In Re Fried-El Corp.,* 34 Pa. Commonwealth Ct. 341, 383 A.2d 1286 (1978). Considering the property's irregular depth and length, topographical isolation, and proximity to adjoining commercial properties in conjunction with the C-1 District's restrictive 30-feet setback, 20-feet rear yard and ten-feet side yard requirements, we conclude that the variances should have been allowed.

We reverse the Allegheny County Common Pleas Court decision and remand the record with direction that the Ross Township Zoning Board approve the requested special exception and variances so as to permit Amoco Oil Company to install its self-service gasoline station.

### Order

The Allegheny County Common Pleas Court decision, dated December 10, 1979, is hereby reversed, and the record is remanded with directions that the Ross Township Zoning Hearing Board approve the requested special exception and variances, and permit Amoco Oil Company to install its self-service gasoline station.