Municipality of Penn Hills v. Zoning Hearing Board of the Municipality of Penn Hills et al.

Ferdinand Palumbo, Appellant.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

Gary Kalmeyer, Kalmeyer and Kalmeyer, for appellant.

Henry G. Beamer, with him August C. Damian, for appellee.

Opinion by Judge Craig, July 1, 1981:

Applicant Ferdinand Palumbo sought to erect a 20′ by 30′ building, on his residentially zoned property in the Municipality of Penn Hills, to be used in the landscaping business he conducted from that property; he applied to the Penn Hills Zoning Hearing Board for a variance to permit that construction as an expansion of a nonconforming use.

At the hearings on that application, the evidence focused on the question of whether applicant's use had been conducted on the property before enactment of Penn Hills' August 19, 1963 zoning ordinance; the board concluded that the use had existed although for only a few weeks before that date, and it granted the variance, over the objection of one member who called attention to an earlier 1940 Penn Hills zoning ordinance which, like the 1963 ordinance, placed the subject property in a residential zone.

On appeal to the Court of Common Pleas of Allegheny County, the municipality requested a remand to the zoning hearing board for the purpose of considering the import of the 1940 zoning. The court declined to remand, but directed that the parties address the earlier ordinance in briefs.

Without taking any new evidence, the court reversed the zoning hearing board on the ground that, because the subject property was zoned residential under the 1940 ordinance, applicant's commercial use, dating only from 1963, was not lawfully in existence before the 1963 ordinance. This appeal followed.

Two salient points of law are well established: (1) "The burden of proving the extent or existence of a nonconforming use rests on the property owner who would claim the benefit of the rights accorded property with that status." *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 49 Pa. Commonwealth Ct. 397, 402, 412 A.2d 169, 171-2 (1980); and (2) "The benefit of legal nonconforming use status is available only to that lawful use which existed on the land at the time when the prohibitory zoning (to which the use does not conform) took effect." *Marshall Chevrolet, Inc. v. Zoning Hearing Board of the City of Reading*, 57 Pa. Commonwealth Ct. 525, 526, 426 A.2d 1236, 1237 (1981). Thus applicant's burden in this case was to demonstrate that his commercial use was *in existence* and was *lawful* before the enactment of the 1963 ordinance.

Applicant does not contest these points, nor the fact that the 1940 ordinance limited the subject property to residential uses. However, applicant submits that the lower court's reversal on that ground was error because it constituted a new theory not addressed by the board. We disagree; the central issue, legal nonconforming use status, never changed.

We reiterate that the burden is on the proponent of nonconforming status to prove both the existence and the lawfulness of the underlying use; although the evidence focused on the 1963 ordinance, we discern no lack of opportunity for applicant to prove that the use was lawful when commenced.

Applicant was "duty bound to check the zoning status of the property before purchase", *Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 35, 202 A.2d 61, 64 (1964); when applicant acquired the subject property in 1963, mere inquiry would have revealed it to have been zoned residential for 23 years. Applicant's failure to address the substance of the 1940 zoning does not mitigate its legal significance, nor does that omission excise it from applicant's burden in this case. Moreover, the 1940 ordinance being necessarily relevant to the basic issue, the lower court was entitled to take judicial notice of its content under 42 Pa. C. S. §6107.

Applicant also contends that the nonconforming use status of the subject property is res judicata or subject to collateral estoppel because two summary actions arising out of his use of property were dismissed by a magistrate. The record does not establish the necessary identities for either of those doctrines to apply, particularly in that an adjudication of legal nonconformance was not essential to the dismissals. Contrary to applicant's assertion that those proceedings expressly concluded that the use was legally nonconforming, the only specific evidence of record is that one citation was dismissed for insufficient evidence, while the other was dismissed without any elaboration.

Because the board erred in law, by applying only the 1963 ordinance, and by concluding that the use was legally nonconforming without any evidence that the use was lawful when commenced, the common

pleas court properly reversed; we affirm that reversal.

### ORDER

AND Now, July 1, 1981, the July 24, 1980 order of the Court of Common Pleas of Allegheny County at No. SA-274-1980, is affirmed.