Charles L. Solow and Marianne Solow, his wife *v.* Zoning Hearing Board of the Borough of Whitehall.

Borough of Whitehall, Appellant.

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James F. Duffy,* for appellant.

*Edward P. Zemprelli,* for appellees.

OPINION BY JUDGE MENCER, February 4, 1982:

Charles L. Solow and Marianne Solow (appellees) are the owners of property located at the intersection of Provost and Weyman Roads in the Borough of Whitehall (appellant) in Allegheny County. They applied for dimensional variances from the Borough zoning ordinance to permit the construction of a Stop & Go Food Store on their property. Such a facility is a permitted use in the commercial district in which the property is located.

The application was heard before the Borough's Zoning Hearing Board (Board) on August 12, 1980. The Board, on September 18, 1980, adopted a decision denying the requested variances. Although the Board found that the ''imposition of the front yard and rear yard line requirements for the property results in no buildable area for the property'' and that ''there is no possibility that the vacant Solow property can be developed in strict conformity with the ordinance,'' it denied the application. It did so because it also found that the requested variances ''would increase the safety hazard for vehicular and pedestrian traffic to an unjustifiable level'' and because ''the [appellees] provided no evidence to show that the magnitude of the variances requested is the least modification of the prescribed regulations to grant the [appellees] a reasonable use of the land. . . .''

The appellees appealed the Board's decision to the Court of Common Pleas of Allegheny County. Without taking further evidence, that court reversed the Board's decision on December 10, 1980 and directed it to grant the requested variances. This appeal followed.

Where the court below has taken no additional evidence, this court's scope of review is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976). The elements of proof for a party seeking a variance are: (1) that the ordinance as written imposes unnecessary hardship on his property, (2) that the hardship is due to the unique physical characteristics of the property, (3) that the variance would not have an adverse impact on the health, safety or welfare of the general public, (4) that the hardship must not be created by the party seeking the variance, and (5) that the variance sought must be the minimum that will afford relief. Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, §912, 53 P.S. §10912; *Township of Salisbury v. Rummel,* 44 Pa. Commonwealth Ct. 581, 406 A.2d 808 (1979).

On the evidence presented before the Board, we cannot say that it improperly denied the appellees' application. There was, at best, conflicting evidence presented concerning the impact the requested variances would have on the general public. The mayor of the Borough testified that the requested variances would increase traffic hazards at the intersection. He testified that the local police had expressed a similar belief. The appellees, on the other hand, offered insufficient evidence to prove that the requested variances would not create a safety risk to vehicular and

pedestrian traffic. The burden being on the appellees to prove no adverse effect to the general public, the Board could well conclude that the burden was not met.

The weight to be accorded evidence presented concerning the requested variances was for the Board. *Center City Residents Association v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980). A zoning hearing board's findings and conclusions in connection with the refusal of an application for a variance will not be disturbed on appeal where they are supported by ample evidence in the record concerning increased dangers to pedestrian and vehicular traffic. *See Boulevard Land Corporation v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973).

Nor did the appellees carry their burden to prove that the variances they requested were the minimum variances necessary to afford them relief. The appellees presented evidence that they proposed to build the smallest Stop & Go Food Store that could be considered commercially viable. However, they did not prove, nor did they attempt to prove, that the smallest commercially viable Stop & Go Food Store required the least modification of the ordinance necessary to afford them a reasonable use of their land, giving consideration to the several commercial uses permitted in the district.

We conclude that the appellees failed to carry their burden of proof before the Board, which neither committed an abuse of discretion nor an error of law. Accordingly, we reverse the order of the lower court.

ORDER

AND Now, this 4th day of February, 1982, the order of the Court of Common Pleas of Allegheny Coun-

ty, dated December 10, 1980, reversing the decision of the Zoning Hearing Board of the Borough of Whitehall and sustaining the appeal of Charles L. Solow and Marianne Solow, his wife, is hereby reversed, and the decision of the Board denying the variance application of Charles L. Solow and Marianne Solow, his wife, is hereby reinstated.

Judge PALLADINO did not participate in the decision in this case.