## Funk v. Zoning Hearing Board of Nippenose Township

*John E. Person, III,* for plaintiffs.
*Norman M. Lubin,* for defendant.

RAUP, *P.J.,* May 24, 1983—Before the court is the appeal of William O. Funk and Jean M. Funk from the decision of the Zoning Hearing Board of Nippenose Township, County of Lycoming, dated November 23, 1982. On October 4, 1982, appellants made application for a variance for relief from provisions of the Nippenose Township Zoning Ordinance pertaining to the placement of mobile homes in flood districts. A hearing was held by the Zoning Hearing Board of Nippenose Township on October 19, 1982. On November 23, 1982 the board denied the application of the appellants. Appellants have filed an appeal from the board's decision, to which the Township of Nippenose has intervened.

Where, in an appeal from denial of a variance, the court does not take additional evidence, but relies upon the record of the proceedings before the zoning hearing board, the scope of review is limited to a determination of whether the Zoning Hearing Board committed an abuse of discretion or an error of law, Solow v. Zoning Hearing Board of Borough of White Hall, 64 Pa. 414, 440 A.2d 683 (1982).

The record of the proceedings before the board may be summarized as follows: Appellants had requested a variance that would allow them to place a mobile home in the floodway portion of the flood plain area of Nippenose Township. The property in question is located on an island in the Susquehanna River and is situated one-half mile from the River to the north and 400 yards from the River to the south. The Funks purchased the property in 1976 with the only improvement being a cement block store or market building. A mobile home was moved onto the property by the appellants on October 4, 1982.

Although the owner previous to appellants' predecessor in title had a mobile home on this property, it appears that the trailer was moved sometime prior to the selling of the property in 1975.

The ordinance from which the appellants seek a variance is Ordinance No. 17 enacted by Nippenose Township on March 9, 1980. This ordinance sets forth restrictions upon the construction, development and improvements to buildings and structures within flood plain districts. Requests for variances to this ordinance are governed by Section 2.2B of Ordinance No. 17. Specifically, subsection 2.2B(4) of Ordinance No. 17 sets forth the factors which the zoning hearing board shall consider in reviewing a request for a variance:

"No. 4 In reviewing any request for a variance, the Zoning Hearing Board shall consider, but not be limited to, the following:

(a) that there is good and sufficient cause;

(b) that failure to grant the variance would result in exceptional hardship to the applicant;

(c) that the granting of the variance will not result in any unacceptable or prohibited increased flood heights, additional threats to public safety, extraordinary public expense, create nuisances, cause fraud on or victimization of the public, or conflict with any applicable, local or state ordinances or regulations."

Ordinance No. 17 also requires mobile homes to be constructed at least one and one-half feet above the 100 year flood elevation and anchored in accordance with accepted engineering practices.

Appellants' primary contention is that a denial of the variance would result in exceptional hardship to them. Specifically they have argued that without the variance they would be deprived of having their residence on property which they own. The hard-

ship would lie in the fact that they are not financially able to purchase property elsewhere, and further that they have an investment in the store which is located on their property and it is in their interests to protect that investment by maintaining a residence at that location.

Unnecessary hardship is established with regard to a zoning variance only where an applicant has shown that the physical characteristics of the property at issue are such that it cannot be used for a permitted use or can be arranged for such use only at prohibitative expense, or the applicant has shown that characteristics of the area are such that the structure has either no value or only a distressed value if restricted to the permitted use. Botula v. Zoning Board of Adjustment of the City of Pittsburgh 69 Pa. Commw. 164, 450 A.2d 316 (1982). Economic or financial hardship alone is insufficient for granting of a zoning variance. Upper Leacock Township Supervisors v. Zoning Hearing Board of Upper Leacock Township, 481 Pa. 479, 393 A.2d 5 (1978).

Any hardships encountered by the Funks would not arise out of the fact that their property cannot be used for any permitted use. In fact, the property in question may be lawfully used (as non-conforming use in existence when the zoning ordinance was adopted), as it has been for several years, as a market. The zoning board concluded that any hardship in this case has been created by the appellants by virtue of the fact that they decided to establish a residence in a mobile home which was placed upon the property in the flood district zone subsequent to the enactment of the prohibitative ordinance. A denial of a variance for these reasons is not an abuse of discretion on the part of the board. See Garnick v.

Zoning Hearing Board of Bridgeton Township, 58 Pa. Commw. 92, 427 A.2d 310 (1981).

The board also concluded that a granting of a variance to the appellants would be detrimental to the public welfare. Based upon the testimony presented at the hearing, the board was justified in reaching such a conclusion. A concern was voiced by the board, based upon their experience with mobile homes during previous floods, that the placement of a mobile home on this particular property, may, if a flood would occur, cause considerable damage to property of others. The zoning board also noted in its conclusions that in adopting ordinance No. 17, the township was able to qualify for the National Flood Insurance Program. In adopting this ordinance, the township agreed to prohibit development in the flood plain areas. The possible loss of this insurance program would, the board concluded, be detrimental to the public welfare. The board did not abuse its discretion in determining that a granting of this variance would be detrimental to the public welfare.

Appellants have also contended that their mobile home should be granted status as a legal nonconforming use based upon the prior existence of a trailer on that property. As we had noted above, however, the record reflected that the previous trailer was removed from the property sometime prior to 1975. The benefit of nonconforming use status is available only to the use which existed on the land at the time when the then-lawful prohibitory zoning (to which the use does not conform) took effect. Marshall Chevrolet, Inc. v. Zoning Hearing Board of the City of Reading, 57 Pa. Commw. 525, 426 A.2d 1236 (1981). At the time ordinance No. 17 was enacted, the property in question was only being used as a market or store; no trailer or mobile home was

on the premises. Any prior nonconforming use of the trailer had been abandoned by removal of same prior to 1975. The use of this property, after the removal of the trailer, solely as a market for a period of approximately seven years would justify an inference that there existed an intent to abandon the nonconforming use. Abrams, v. Zoning Hearing Board of Borough of Danville, 21 Pa. Commw. 284, 344 A.2d 744 (1975). The mobile home placed upon the property by the appellants cannot be afforded the status of a prior nonconforming use.

Appellants' final argument is that the township was not enforcing its zoning ordinance in a uniform manner. This argument was based upon testimony introduced that a structure on an abutting neighbor's property formerly being used as a small shed was now being used as a workshop. The zoning board was justified in not granting a variance based upon these facts in that there was no showing at the hearing that the workshop did not comply with ordinance No. 17. It was also within the Board's discretion to determine that an addition to an existing structure would not pose as great a hazard during a flood as would a mobile home placed in the same flood zone.

The Zoning Hearing Board of Nippenose Township did not abuse its discretion in concluding that the placing of the mobile home on the Funk's property in the floodway would not be in keeping with the rules and regulations adopted by the township in ordinance No. 17 and in concluding that a variance should not be granted.

## ORDER

And now, this May 24, 1983, for the foregoing reasons, the appeal of William O. Funk and Jean M. Funk to the decision of the Zoning Hearing Board of Nippenose Township is Denied.