Susan Burger, Appellant *v.* The Zoning Hearing Board of the Municipality of Penn Hills, Appellee.

Argued November 15, 1984, before Judges WILLIAMS, JR., DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*J. Michael Baggett, McCann, Garland, Ridall & Burke,* for appellant.

*Wayne V. DeLuca,* with him, *August C. Damian, Damian & DeLuca,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., December 31, 1984:

This is an appeal from the decision of the Court of Common Pleas of Allegheny County affirming with modifications the denial of a zoning variance. The petitioner, Susan Burger, sought a variance from the Zoning Hearing Board of the Municipality of Penn

Hills to allow her to raise various small animals for her personal consumption.

Burger purchased the subject property, comprising 1.68 acres, in 1978. At the time of the purchase, the property was zoned R-1 residential and was governed by Ordinance No. 992, enacted in August of 1963. Under this ordinance, certain non-residential uses were permitted in R-1 residential districts; one of these uses was a "farm," which was defined as:

> Any parcel of land containing five acres or more with accessory buildings thereon, provided that such buildings other than one dwelling are not within three hundred (300) feet of a property line. Truck gardens and nurseries shall be considered to be farms.

In April of 1980, a new zoning provision, Ordinance No. 1617, was adopted and Ordinance No. 992 was repealed. Under No. 1617, the zoning classification of Burger's property remained the same. Among the non-residential uses permitted in R-1 residential districts is agriculture/gardening. The term agriculture is defined as:

> Farming, the cultivation of soil for the purpose of producing crops and/or raising livestock for either personal use or resale. Such activity shall be permitted only on tracts of land at least 5 acres in size and under single ownership or control.

On October 12, 1982, Burger filed an application with the Zoning Hearing Board requesting a variance from the five acre limitation imposed by Ordinance No. 1617. She asserted that because she was allergic to cow's milk and to certain chemicals used by commercial growers of vegetables and chickens, she needed to grow her own vegetables and keep small animals on her property to provide organic food for

her own consumption. She had three female goats, several rabbits, ducks and geese on her property.

After a hearing, the Zoning Board, on December 28, 1982, denied the request for a variance. The Board concluded that Burger did not have legal ownership or control over five acres, and therefore did not conform to the requirements of Ordinance No. 1617. The Board also decided that the hardship asserted by Burger was a personal hardship, and not one imposed by the land itself. Finally, the Board found that there was no lawful nonconforming use upon which Burger could rely.

Burger appealed the Board's decision to the Court of Common Pleas. Without taking additional testimony, the court affirmed the decision of the Board, but noted in its opinion that since Burger was lawfully raising rabbits and maintaining a garden—but not raising goats, geese and ducks—prior to the enactment of Ordinance No. 1617, she could continue to raise rabbits and maintain a garden, but could not expand these activities. Burger has appealed this decision and order.

Burger concedes that because she does not have ownership or control of five acres of land, her animal farming activities do not conform to the requirements of Ordinance No. 1617. Nor does she dispute the determination that her hardship is a personal one, and thus not within the category of hardships which would support the granting of a variance. Her challenge is predicated on the contention that the raising of small animals on her property predated the enactment of both Ordinance No. 992 and Ordinance No. 1617, and therefore constitutes a legal nonconforming use which she is permitted to continue despite the statutory prohibitions. On this issue, the Board specifically found that there were no farm animals on the prop-

erty from approximately 1958 until 1978, when Burger began propagating rabbits. The Board contends on the basis of this finding, which was not reversed by the trial court, that Burger's raising of small animals was a legal activity neither before nor after the enactment of Ordinance No. 1617. This position conflicts with the court's conclusion that Burger's raising of rabbits and maintenance of a garden were valid activities prior to the adoption of Ordinance No. 1617, and that her continuance of those limited activities is authorized as nonconforming uses. Penn Hills, however, has not cross-appealed from the court's decision. Therefore, we will not disturb the trial court's decision that Burger was engaged in a valid nonconforming use prior to 1980, and could thus continue those activities, namely, rabbit-raising and gardening.

While we are not authorized to disturb findings and conclusions of the trial court which are not appealed, *see Sheppard v. Old Heritage Mutual Insurance Co.*, 492 Pa. 581, 425 A.2d 304 (1980); *Keller v. Scranton*, 200 Pa. 130, 49 A. 781 (1901), we must nonetheless exercise our appellate review consistent with established precedent and independent of any legal errors which may be contained in the unappealed portions of the trial court's decision. Thus, although the trial court determined that Burger's farming activities were valid prior to the 1980 amendment, we cannot be bound by that determination for purposes of deciding whether Burger's propagation of goats, ducks and geese constitutes an allowable nonconforming use. Rather, we must look to the undisturbed findings of the Board and the applicable legal precedent to determine whether these activities are permissible.

As noted earlier, the Board found that there was no raising of farm animals from 1958 until Burger

purchased the property and began raising rabbits in 1978. Since the trial court took no additional evidence, our scope of review is limited to determining whether there was a manifest abuse of discretion or error of law committed by the Board. *Muse v. Zoning Hearing Board of Ben Avon Heights Borough,* 52 Pa. Commonwealth Ct. 287, 289 n. 1, 415 A.2d 1255, 1256 n. 1 (1980); *Lower Gwynedd Township v. Provincial Investment Co.,* 39 Pa. Commonwealth Ct. 546, 395 A.2d 1055, 1056 (1979). We are therefore bound by this finding, so long as there is competent evidence to support it. Furthermore, the benefit of legal nonconforming status is available only for that *lawful* use which existed on the land when the prohibitory zoning took effect. *Lennox v. Zoning Board of Adjustment of City of Pittsburgh,* 67 Pa. Commonwealth Ct. 417, 447 A.2d 1049 (1982); *Marshall Chevrolet Inc. v. Zoning Hearing Board of City of Reading,* 57 Pa. Commonwealth Ct. 525, 426 A.2d 1236 (1981). Since Burger did not possess a "farm" within the definition prescribed by Ordinance No. 922, her farming activities were not legal uses when she commenced them in 1978. Consequently, her pre-1980 farming activities cannot be the basis for claiming nonconforming use status subsequent to the enactment of Ordinance No. 1617. Accordingly, we must affirm the trial court's decision, although for different reasons. (The trial court, while concluding that Burger was engaged in a valid nonconforming use prior to the 1980 enactment, held that her propagation of other types of animals after the enactment of Ordinance No. 1617 constituted a separate activity and could not be treated as an expansion of an existing valid nonconforming use.)

Burger raises two additional issues, procedural in nature. First, she contends that the Board should not have accepted and relied upon letters written by

previous and adjoining owners of the subject property regarding farming activities thereon prior to Burger's ownership. Burger contends that these statements are hearsay and thus cannot be relied upon by the Board. Although these letters clearly contained hearsay, their admission was not objected to at the time of the hearing, and their substance was corroborated by competent live testimony before the Board. Consistent with our holding in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), this evidence is admissible. In any event, the live testimony was sufficient to support the Board's finding of a long hiatus in the raising of any type of farm animals.

Second, Burger contends that the trial court erred in issuing its decision without allowing her counsel the opportunity to present a motion pursuant to Section 1010 of the Pennsylvania Municipalities Planning Code, 53 Pa. C.S.A. §11010, for the taking of additional evidence. Burger asserts that her counsel was relying on the scheduling of a conciliation conference at which he intended to move to amend the record. Scheduled conciliation conferences were cancelled on two occasions; and then the court issued its decision without holding such a conference. Burger does not contend that a conciliation conference was a condition precedent to the court rendering a decision on her appeal. Furthermore, five months elapsed between the filing of the appeal and the court's decision, and the court entertained both oral argument and written memoranda on the issue. As such, we believe that counsel had ample opportunity to present a motion to amend the record, and his failure to do so presents no reason to remand this case.

Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

## ORDER

AND Now, this 31st day of December, 1984, the order of the Court of Common Pleas of Allegheny County is affirmed.