505 A.2d 1076

G. Antonini, trading as G. Antonini Construction *v.* The Zoning Hearing Board of Marple Township and Township of Marple. Township of Marple, Appellant.

Argued December 10, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael F. X. Gillin,* for appellant.

*Guy A. Messick, Fronefield and deFuria,* for appellee.

Opinion by Judge MacPhail, March 5, 1986:

The Township of Marple (Township) appeals from the decision of the Court of Common Pleas of Delaware County which sustained the appeal of G. Antonini, t/a G. Antonini Construction (Appellee) and ordered the Zoning Hearing Board of Marple Township (Board) to grant Appellee's application for a special exception. We reverse.

Appellee operated a paving and construction business in the R-1 Residential Zoning District, allegedly a non-conforming use. The applicable ordinance provides in full:

§85-141. *Nonconforming uses.*

> A. The lawful use of a building existing at the effective date of this ordinance, or authorized by a building permit issued prior thereto, may be continued although such use does not conform to the provisions of this ordinance, but such use may not be extended or enlarged except as a special exception.

> B. A nonconforming use of a building may be changed to another nonconforming use of the same or a more restricted classification if no structural alterations are made therein, provided that such change may include structural alterations when authorized as a special exception. Whenever a nonconforming use of a building has been changed to a more restricted classification or to a conforming use, such use shall not thereafter be changed to a use of a less restricted classification.

> C. No building which has been damaged by fire or other causes to the extent of more then seventy-five per centum (75%) of its

value shall be repaired or rebuilt, except in conformity with the regulations of this ordinance. No building which has been razed shall be rebuilt, except in conformity with the regulations of this ordinance.

D. If a nonconforming use is conducted in a building and ceases for a continuous period of one (1) year, any subsequent use shall be in conformity with the regulations of this ordinance.

E. A nonconforming sign or similar device may continue as herein provided for buildings of nonconforming use but only for a period of six (6) months. Every such sign shall be renewed or changed to a permitted use not later than six (6) months from the time that such sign becomes a nonconforming use.

F. The lawful use of land existing at the effective date of this ordinance, except as otherwise provided in this section, may be continued although such use does not conform with the provisions of this ordinance, but no such use shall be extended, enlarged or changed to any use but a conforming use. If a nonconforming use of land ceases for any length of time for any reason, any subsequent use of such land shall be in conformity with the provisions of this ordinance.

Township of Marple, Pa., Code (Ordinance), Ordinance No. 85-141 (1985). Appellee applied for a special exception to add a second story onto his existing office building. Although a hearing was scheduled for February 1, 1984, neither Appellee nor his counsel attended. Mr. Barry Dozer, Commissioner of the Ward in which Appellee's parcel was located, opposed the granting of the special exception and advised the Board that Appellee had already begun construction.

By letter dated February 2, 1984, the Director of Code Enforcement notified Appellee that (1) an inspection of Appellee's premises revealed that Appellee had begun construction on the property without the special exception and (2) Appellee was in violation of Ordinance No. 71-14 which requires a building permit before any alterations to a structure are made.

Hearings on the special exception were held on February 15, 1984 and March 21, 1984. At the hearing held on February 15, 1984, Appellee testified that he had owned the property for 35 years and ran his construction business from an office building on the premises. Appellee testified that he tore down the original office building and admitted beginning construction on a new office building, stressing the fact that aside from a second story, this new building would have the exact same dimensions as the original office building. Objectors testified in opposition to the special exception, stating their beliefs that allowing Appellee to rebuild this office building would be detrimental to the residential community.

At the second hearing held on March 21, 1984, Appellee testified that his parents bought the property pursuant to a deed dated April 14, 1950. Appellee also testified to establish that the property has been used for "building stone and excavation" since 1929. The property had also been used as a quarry, but Appellee testified that the Township has prevented him from blasting since 1952. Appellee testified that the prior owners of the property had conducted an excavating and paving business on the premises similar to the business Appellee now conducts.

In a decision handed down on April 18, 1984, the Board denied Appellee's application. Appellee appealed this decision to the court of common pleas, which, without receiving additional evidence, reversed the Board's decision. This appeal followed.

Our scope of review in zoning appeals where the court of common pleas did not take additional evidence is to determine whether the Board abused its discretion or committed an error of law, and whether necessary factual findings are supported by substantial evidence. *Indiana Township Zoning Hearing Board v. Weitzel,* 77 Pa. Commonwealth Ct. 108, 465 A.2d 105 (1983).

An applicant for a special exception must establish that the proposed use complies with the specific conditions set out in the zoning ordinance governing the grant of a special exception. *ARCO v. City of Franklin Zoning Hearing Board,* 77 Pa. Commonwealth Ct. 102, 465 A.2d 98 (1983).[1] Successfully

---

[1] Ordinance No. 85-123 governs the grant of a special exception and provides in full:

Where an application for a special exception is made, the Zoning Hearing Board shall take into consideration the following matters in determining whether or not the proposed special exception is appropriate and in harmony with the general purpose and intent of this ordinance, and determine what conditions and safeguards are appropriate to be imposed:

A. The size, scope, extent and character of the exception desired, provided that the Zoning Hearing Board shall have no authority to grant a special exception where the area of the tract or lot exceeds ten (10) acres, such area to be measured to the street line only.

B. The character and type of development in the area surrounding the location for which the exception is desired.

C. Whether or not the proposed exception would be an appropriate use in the area or whether it would be detrimental to the surrounding area.

D. The zoning classification of the area affected.

E. The number, extent and scope of nonconforming uses, if any, in the area.

F. The anticipated future development of the area.

G. The effect, if any, on other properties in the area.

carrying this burden means that his intended use is one which the municipality has determined to be appropriate in the district and consistent with the health, safety and welfare of the community. *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 470-71 290 A.2d 715, 718 (1972). The Board argues here that Appellee's present use of the property is not a non-conforming use or, in the alternative, Appellee abandoned his non-conforming use when he razed the office building.

We shall first address the issue of whether or not a legal non-conforming use for *paving* had been established. The benefit of legal non-conforming use status is available only for the lawful use which existed on the land when the zoning ordinance took effect. *Burger v. Zoning Hearing Board of Penn Hills*, 86 Pa. Commonwealth Ct. 601, 485 A.2d 879 (1984). Appellee contends that the Board abused its discretion and committed an error of law in concluding that the use of the property for the storage of excavating and paving equipment and attendant offices did not predate June 21, 1938, the date the zoning ordinance took effect. In its written decision, the Board found, *inter alia:*

8. The use of the tract as a quarry predated the Zoning Ordinance and was a non-

H. The effect on traffic in the area.

I. Whether or not the proposed exception would affect the health, safety, morals and general welfare of the people and residents in the surrounding area.

J. In granting special exceptions, the Zoning Hearing Board shall always keep in mind the surrounding traffic conditions so that appropriate regulations may be imposed on any proposed uses to provide for off-street parking either equal to or greater than the off-street parking facilities required within the area by any other than applicable ordinance.

conforming use as of the date of the enactment of the original ordinance on June 21, 1938.

. . . .

15. The use of excavating and paving, which applicant presently utilizes of the property differs substantially from the original non-conforming use as a quarry.

It was Appellee's burden to establish the existence of the non-conforming use. *Overstreet v. Zoning Hearing Board, Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980). Thus, Appellee's burden in the instant case was to demonstrate that his commercial use of excavating and paving was in existence and was lawful before the enactment of the 1938 Ordinance. The facts as developed in the record support the conclusion that the property was used as a quarry, and its attendant use for storage and office space was merely incidental to that non-conforming use. The incidental use of property for storage and office space is not sufficient to create a prior non-conforming excavation or paving use. *Cf. Krum v. Montour County Zoning Hearing Board,* 70 Pa. Commonwealth Ct. 76, 452 A.2d 306 (1982) (incidental use of property for storage insufficient to establish prior non-conforming use as a junkyard). We conclude that the Board did not err in concluding that Appellee had not met his burden. *See also Rendin v. Zoning Hearing Board of Borough of Media,* 88 Pa. Commonwealth Ct. 37, 488 A.2d 391 (1985).

Neither may Appellee avail himself of the argument that the office building was a separate non-conforming use apart from the property's nonconformance as a quarry. Under Section A of Ordinance No. 85-141, the lawful use of a building existing at the effective date of the ordinance may be continued as non-conforming, but such use cannot be extended or enlarged except by special exception. However, the

428

office building had only been on the property since approximately 1949; the ordinance went into effect in 1938. Therefore, the use of the building as an office cannot be considered to be non-conforming.

Even assuming Appellee had carried his burden of establishing that either his use of the land or his use of the building was a lawful non-conforming use, it is undisputed that Appellee razed the office building. Pursuant to Section C of Ordinance No. 85-141, "[n]o building which has been razed shall be rebuilt, except in conformity with the regulations of this ordinance." The ordinance does not include an office building as a permitted use in an R-1 Residence District. *See* Ordinance Nos. 85-38 and 85-10. "When a building has become so destroyed that complete reconstruction is necessary, it is clear that reconstruction may be barred by a zoning ordinance (absent a showing of extraordinary circumstances on the part of the owner) in the interest of the public health, safety, morals or general welfare." *AFSO Builders, Inc. v. Upper Darby Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 100, 102, 314 A.2d 860, 861 (1974).[2] The Board found that the proposed office building was out of character with the area's anticipated future residential development, *see* Ordinance No. 85-123(B)

---

[2] Appellee cites *Amoco Oil Co. v. Ross Township Zoning Hearing Board,* 57 Pa. Commonwealth Ct. 376, 426 A.2d 728 (1981) for the proposition that a special exception should be granted to construct a new building in the area where an old building was razed. A close reading of *Amoco Oil Co.,* however, reveals that Amoco's special exception *proposed* to raze the old facilities. In the case *sub judice,* of course, Appellee has already razed the building. *But see Whitehall Township v. B P Oil, Inc.,* 46 Pa. Commonwealth Ct. 144, 406 A.2d 250 (1979) (razing of non-conforming use does not eliminate its right to continue its present use). In the *Whitehall Township* case, however, the nonconformity related only to proximity to other gasoline stations and not to the use. As previously noted, in the case now before us an office building is not a permitted use in an R-1 Residence District.

and (F), and that the present and proposed use would adversely affect the welfare of the people and residents of the surrounding area. Accordingly, the Board did not err in denying Appellee a special exception.

We reverse.

ORDER

The order of the Court of Common Pleas of Delaware County, No. 84-4776, dated May 30, 1984, is hereby reversed.