527 A.2d 1117

Joseph Moros and Mary Moros, Appellants *v.* City of Pittsburgh, Zoning Board of Adjustment, Appellee.

Argued March 24, 1987, before President Judge CRUMLISH, JR., Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Henry Miller, III,* for appellants.

*Kellen McClendon,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 1, 1987:

Joseph and Mary Moros were denied a variance for non-conforming use for two properties by the Pittsburgh Zoning Board of Adjustment. The Moroses sought a fifteen-unit occupancy permit for the combined properties. The Allegheny County Common Pleas Court affirmed. We affirm.

Mary Moros bought 2128 Carey Way in 1947 and the second property, 2130 Carey Way, in 1973. The properties are presently classified R-4 multi-family residential. Each unit contains a sleeping room, a hotplate and refrigerator. One bathroom serves every two units. They are occupied primarily by state hospital patients under the Allegheny County Mental Health and Rehabilitation Program.

Where the trial court, in reviewing a zoning appeal, has taken no evidence in addition to that which was pre-

sented to the zoning hearing board, the Pennsylvania Supreme Court instructs:

> [T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. . . . We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983) (citations omitted).

The record reveals that from 1923 to 1958 the properties were zoned light industrial, which required a 400 square feet lot area.

At issue is whether the Moroses presented substantial evidence to show that the properties were occupied as multi-unit dwellings prior to 1958.[1]

The common pleas court found that neither property owned by the Moroses met the 400 square feet of lot area per unit as required by the 1923 zoning ordinance. No evidence was presented by the petitioners which would establish the zoning status of the properties prior to 1923. It held therefore that, even if the properties were used as a boarding house prior to 1958, the use would have been illegal at that time due to the lot size requirement. Therefore, the Moroses could not qualify for a legal non-conforming use.

---

[1] On appeal, the theory of variance by estoppel was also raised, citing this Court's previous holding in *Knake v. Zoning Hearing Board of Dormont*, 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983). Mindful of the five factors which collectively demonstrate the need for this type of variance, we are unpersuaded that the factor of municipal inaction has been established.

As long as legality of a non-conforming use status remains the controlling issue, a common pleas court can affirm on a theory not previously addressed by the Board. *Municipality of Penn Hills v. Zoning Hearing Board,* 60 Pa. Commonwealth Ct. 286, 431 A.2d 383 (1981).

The law in this area is well established:

> 'The burden of proving the extent or existence of a nonconforming use rests on the property owner who would claim the benefit of the rights accorded property with that status.' . . . 'The benefit of legal nonconforming use status is available only to that lawful use which existed on the land at the time when the prohibitory zoning (to which the use does not conform) took effect.' . . . Thus applicant's burden in this case was to demonstrate that his commercial use was *in existence* and was *lawful* before the enactment of the 1963 ordinance.

*Id.* at 288; 431 A.2d at 384 (emphasis in original; citations omitted.) The 1923 ordinance required a minimum of 400 square feet per lot. It is undisputed that the properties fell below that standard.

The Moroses, as proponents of that non-conforming use, introduced no evidence that the property even existed prior to the restrictive 1923 ordinance. It was their burden to do so. Their failure to address the relation of the 1923 zoning ordinance to the property in question and its legal effect, if any, is fatal. The 1923 ordinance being necessarily relevant to the non-conforming use before it, the lower court was entitled to take judicial notice of it as provided in 42 Pa. C. S. §6107. We hold that the reasoning of the common pleas court and its conclusion that the properties were illegal because of the 1923 zoning ordinance is sound.

Undoubtedly, the Moroses have provided a needed service which is terminated by the Board's decision. However, as the common pleas court wisely noted, it is undisputed that the Moroses provide a decent, safe and sanitary housing to low income individuals who might be unable to afford any non-public housing. However, without evidence establishing the legal standing of these properties, we are constrained to affirm the order of the common pleas court.

ORDER

The order of the Allegheny County Common Pleas Court, No. SA 756 dated November 13, 1985, is affirmed.