575 A.2d 961

**ATLANTIC REFINING & MARKETING COMPANY**

v.

**The ZONING HEARING BOARD OF UPPER MERION TOWNSHIP and The Board of Supervisors of Upper Merion Township.**

**Appeal of The BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided May 25, 1990.

Reargument Denied July 18, 1990.

Gregory J. Dean, King of Prussia, for appellant.

John M. Phelan, Phillips and Phelan, Philadelphia, for appellee.

Before CRAIG and COLINS, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

The Board of Supervisors of Upper Merion Township (appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) reversing the decision of the Upper Merion Township Zoning Hearing Board (Board) which denied Atlantic Refining & Marketing Company (appellee) its variance request for installation of a canopy to cover two gas pump islands located on appellee's gas station. We reverse.

On December 21, 1987, appellee filed an application with the Board requesting a variance to permit the erection of a canopy over existing gasoline pump islands in connection with the modernization of its gas station in Upper Merion Township. The subject property was an existing service station which had been constructed in 1953. At the time of its original development, the property was zoned as C–Com-

mercial and was located in a zoning district which permitted gasoline service stations. Subsequently, in 1961, the Upper Merion Township Zoning Ordinance was changed and the subject property was placed into a C–1 Commercial Zoning classification, which did not permit gasoline service stations. The subject property has been operating as a lawful, nonconforming use since the zoning classification was changed to C–1 in 1961.

In 1970, to modernize its existing service station, appellee applied to the Board for both front yard and rear yard setback variances. At that time, the Board permitted a variance from the rear yard setback requirements, but denied the application for a variance from the front yard setback requirements in connection with appellee's request for constructing a canopy over its gas pump islands. Appellee's present application filed in 1987, like the application filed in 1970, requests a variance for the purpose of constructing a canopy over gas pump islands.

Section 165–108B of the Upper Merion Township Zoning Ordinance (ordinance) requires that "there shall be a front yard on each lot the depth of which shall not be less than 50 feet." [1] Appellee's proposed canopy would encroach into the front setback requirement by 46.25 feet leaving 3.75 feet of yard depth from the highway. Accordingly, the issue before this Court is whether the trial court erred in reversing the Board's decision that denied the appellee's requested variance of 46.25 feet from the 50–foot front yard setback requirement of the ordinance.

■ Because no additional evidence was submitted to the trial court, our scope of review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law in denying appellee's request for a variance. We may conclude that the Board abused its discretion only if the findings are not supported by substantial evidence. *Searles v. Zoning Hearing Board of the*

---

1. Upper Merion Township Zoning Ordinance of 1942, *as amended,* § 165–108B.

*City of Easton,* 118 Pa.Commonwealth Ct. 453, 545 A.2d 476 (1988). In denying the variance the Board concluded that appellee, in failing to show it could not use its property in accordance with existing zoning laws and that it was seeking the minimum variance necessary, failed to meet the requirements of Section 10910.2, 53 P.S. § 10910.2 of the Pennsylvania Municipalities Planning Code (MPC).[2] The Board concluded that appellee could remove the existing building, relocate its pump islands with the proposed canopy to an area presently occupied by the building, and that this would be a viable alternative to the variance requested without eliminating the setback requirements of the ordinance.

■ Case law has established that an applicant for a variance has the burden of proving that the zoning ordinance imposes an unnecessary hardship on the property, due to the property's unique, physical characteristics and not created by the party seeking the variance. *Solow v. Zoning Hearing Board of the Borough of Whitehall,* 64 Pa.Commonwealth Ct. 414, 440 A.2d 683 (1982). An examination of the record supports the Board's conclusion that appellee failed to meet this burden of proving the requisite hardship for granting the setback variance. Appellee bases its "hardship" argument on the unique, physical topography of its property, traffic safety considerations, and the need to modernize its facilities to remain a viable business.

Appellee argues that the unique, physical characteristics of its property, i.e., shape, dimensions, and shallowness, coupled with the location of its gas pumps, necessitate a variance for constructing canopies over the pump islands. The Board, on the other hand, concluded that any hardship caused appellee by these physical conditions had been alleviated when, in 1970, the Board acknowledged the existence of a physical hardship (i.e., shallowness of the appellee's lot) and, accordingly, granted a variance allowing appellee's

**2.** Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

structure to encroach by 27 feet into the rear yard setback requirements of 35 feet. Comparing this 1970 variance to the one sought in the present case, appellant points out that appellee is relying upon the very same physical hardship argument in this current application for a front yard setback variance as it used to obtain its rear yard setback variance.

■ The fact that appellee has not attempted to fully utilize its rear yard variance for the placement of its desired canopies before seeking to encroach upon its front yard setback limits, indicates, argues appellant, complete disregard of all required, open areas. Appellant further contends that no evidence in the record supports appellee's contention that the pump islands could not be relocated, but simply that they could not be moved as long as the building was situate in its present location. We must agree with the Board's finding that, were it not for the existence of the encroaching building, which the record shows is not critical to appellee's business operations, appellee could relocate its gas pumping islands and accompanying canopies without the need for a variance from the front yard setback requirement. After further review of the record, we must agree that appellee did not establish that the claimed hardship based on the topography of its property was sufficiently unique to warrant the granting of the variance.

Appellant next notes that the traffic safety problems raised by appellee and given weighty consideration by the trial court originate from the location of the now obsolete building which appellee is unwilling to remove. The record indicates, moreover, that the removal of this building would, as appellant argues, allow for relocation of the pump islands, and thereby improve the safety of ingress, egress and positioning of traffic on appellee's property. Accordingly, appellee's reliance on safety considerations as a reason for granting the variance is without merit.

Finally, this Court addresses appellant's contention that appellee's desire to modernize its facilities by providing

canopies over its pumping islands was not, as the trial court considered it, an expansion of a nonconforming use, but simply a request for a variance from setback requirements. Appellant argues that the variance sought by appellee in 1970 sought encroachment into rear yard setback requirements for facility modernization purposes needed to accommodate a growing business. In contrast, the present variance sought by appellee is, according to appellant, motivated by appellee's attempt to reverse declining gasoline sales, while simultaneously retaining antiquated facilities.

We must agree with appellant that, in spite of appellee's argument that construction of canopies over the gas islands is necessary for the continued viability of its business, other factors such as elimination of service station facilities, managerial changes, and increased traffic, were more significant to appellee's business reversals. Essentially, appellee is alleging a type of economic hardship, which has traditionally been found by this Court to be insufficient to warrant the granting of a variance. Diminution of profitability has been long considered as legally insufficient to justify a variance. *Pilot Oil Corporation v. Zoning Hearing Board of West Hanover Township*, 86 Pa.Commonwealth Ct. 23, 483 A.2d 1049 (1984). In *Pilot*, appellee also requested a variance to construct a canopy over its gasoline pumps, but failed to meet its burden of proving unnecessary hardship by showing that the property could be used in a reasonable manner within the restrictions of the ordinance and not that a proposed use is more desirable.

Financial hardship, short of rendering a property practically valueless, is insufficient to warrant the grant of a variance. *Glazer v. Zoning Hearing Board of Worcester Township*, 55 Pa.Commonwealth Ct. 234, 423 A.2d 463 (1980). We find this principle to be applicable in the present matter. The record does not support appellee's contention that continued economic viability depends solely on the

absence or presence of canopies, or that there is no other feasible business use of appellee's property possible without granting the variance. *Mobil Oil Corporation v. Zoning Hearing Board of Tredyffrin Township,* 100 Pa.Commonwealth Ct. 480, 515 A.2d 78 (1986).

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, this 25th day of May, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is reversed.

CRAIG, Judge, dissenting.

The question in this case is whether the automobile service station, as a non-conforming use, is entitled to a dimensional variance permitting modernization of the enterprise by the installation of a protective canopy over the fuel pumps, to implement self-service operations. See the plan appended to this opinion.

Because that modernization involves structural expansion over land area already used for the non-conforming use, and because the modernization is related to the continued viability of the business, the trial judge's decision in favor of the variance is supported by *Jenkintown Towing Service v. Zoning Hearing Board,* 67 Pa.Commonwealth Ct. 183, 446 A.2d 716 (1982).

The factual aspects of this case are very close to those in *Amoco Oil Company v. Ross Township Zoning Hearing Board,* 57 Pa.Commonwealth Ct. 376, 426 A.2d 728 (1981), in which this court reversed variance denials by a zoning hearing board and a trial court and allowed dimensional variances for precisely the same sort of modernization— erection of a canopy over the fuel pumps, to facilitate present-day self-service by the customers.

In this case, the zoning hearing board's justification of the variance denial by interposing a draconian alternative—demolition of the service station building in order to place the canopy and pumps at the rear of the lot—plainly provides a cure worse than the problem, particularly because the fuel pump aisles would thus move back to a location needlessly remote from the service station's driveway entries.

The trial judge's decision, soundly adhering to this court's directions in *Jenkintown Towing* and *Amoco Oil Company,* should be affirmed.