City of Pittsburgh et al., Plaintiffs *v.* Commonwealth of Pennsylvania et al., Defendants; June B. Cohen, Individually, Party Plaintiff.

Submitted on briefs November 1, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*Eugene B. Strassburger, III,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for plaintiffs.

*Frederick R. Nene,* Assistant Attorney General, with him *Kellen McClendon,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Commonwealth.

*Paul H. Titus,* with him *Lawrence W. Kaplan,* and *Kaufman & Harris,* for defendants, Harvey and Averbach.

PER CURIAM OPINION, December 8, 1977:

In *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 360 A.2d 607 (1976), reversing this Court and remanding the case to us for further proceedings, the Supreme Court concluded that the Bureau of Corrections, Department of Justice of the Commonwealth, in operating a pre-release center for women convicts at 535 South Aiken Avenue, in the City of Pittsburgh, without a certificate of occupancy, variance or other authorization for such use was in violation of the local zoning regulations, as such use and occupancy for such purpose is subject to the local zoning ordinance.

Upon remand to this Court, the plaintiff, City of Pittsburgh, filed an amended complaint in equity identifying three additional properties in the City being used and occupied by the Commonwealth, or its contractees, as pre-release centers; 501 North Negley Avenue (community treatment center), 915 Ridge Avenue (community service center housing adult convicts),[1] and 7228 Thomas Boulevard (community resi-

---

[1] As to this property and its use, the complaint has been discontinued.

dential center housing juvenile offenders). Answer with new matter to the amended complaint, plaintiffs' reply to new matter, plaintiffs' motion for summary judgment (Pa. R.C.P. No. 1035), and defendants' affidavits[2] in opposition thereto comprise the record now before us on remand.

An examination of the record for the purpose of passing upon plaintiffs' motion for summary judgment discloses an unqualified admission by defendants that the several premises in question are being operated as pre-release centers without a certificate of occupancy, a variance or other authorization for such use having been issued under the local zoning ordinance.

Factual averments in the affidavits filed by defendants in opposition to the plaintiffs' motion for summary judgment and in new matter contained in defendants' answer to plaintiffs' amended complaint are supportive of legal theories not available to defendants in this cause of action seeking injunctive relief against defendants in their use and occupancy of the several premises without the necessary permits or authorizations under the local zoning ordinance. *Honey Brook Township v. Alenovitz*, 430 Pa. 614, 243 A.2d 330 (1968); *Pittsburgh v. Oakhouse Associates*, 8 Pa. Commonwealth Ct. 349, 301 A.2d 387 (1973). Such legal issues are properly raised only through the applicable zoning procedures and judicial review thereof.

Given the decision of the Supreme Court in this case and on its remand to us, the unqualified admission that the several premises in question are being used and occupied without a certificate of occupancy, a variance or other authorization for such uses, plain-

---

[2] These affidavits were not filed until the day the case was listed for argument upon plaintiffs' motion for summary judgment. Under such circumstances, these affidavits could properly be ignored by the Court and ordered stricken from the record.

tiffs' entitlement to the relief they seek is factually uncontested and clear as a matter of law. Accordingly, plaintiffs' motion for summary judgment must be granted.

### FINAL DECREE

Now, December 8, 1977, plaintiffs' motion for summary judgment is hereby granted and judgment in favor of plaintiffs and against defendants concerned in the operation of and use and occupancy of premises known and numbered as 535 South Aiken Avenue, 501 North Negley Avenue and 7228 Thomas Boulevard, City of Pittsburgh, as pre-release or community treatment centers.

A hearing upon the precise injunctive relief to be granted will be fixed upon the praecipe of any party to these proceedings.