400 A.2d 1301

**CITY OF PITTSBURGH and Paul J. Imhoff, Superintendent of the Bureau of Building Inspection of the City of Pittsburgh**

**v.**

**COMMONWEALTH of Pennsylvania, Robert Kane, Attorney General of the Commonwealth of Pennsylvania, Joseph A. Pauza, Regional Director of the Bureau of Correction of the Department of Justice of the Commonwealth of Pennsylvania, Frank S. Beal, Secretary of the Department of Welfare of the Commonwealth of Pennsylvania, Anna Belle Calloway, Deputy Secretary, Department of Public Welfare, Louis H. Harvey, Ethel Harvey, E. Louis Averbach, Edith Averbach, Aero Fleet, Inc., a corporation, and Irwin Kotovsky, Appellants.**

Supreme Court of Pennsylvania.

Argued March 5, 1979.

Decided May 1, 1979.

Robert P. Kane, Atty. Gen., Frederick R. Nene, Asst. Atty. Gen., James C. Kuhn, III, Sp. Asst. Atty. Gen., for Commonwealth, Kane, Pauza, Beal and Calloway.

John M. Duff, Deputy Atty. Gen., Paul H. Titus, Pittsburgh, for Louis H. and Ethel Harvey and E. Louis and Edith Averbach.

Mead J. Mulvihill, Jr., City Sol., D. R. Pellegrini, Dep. City Sol., Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On July 9, 1974, the City of Pittsburgh filed a complaint in equity in Commonwealth Court. The City sought to enjoin the Pennsylvania Bureau of Corrections' use, without a zoning permit, of 535 South Aiken Avenue as a pre-release center for female convicts. 535 South Aiken Avenue was zoned "residential." Commonwealth Court held that the Bureau, as an agent of the Commonwealth, was not required to comply with municipal zoning ordinances and regulations and dismissed the complaint. On appeal, this Court held that in exercising the power to zone, municipalities are agents of the Commonwealth, just as is the Bureau of Corrections. We further concluded that where there is an apparent conflict in the use of powers conferred upon Commonwealth agents by the Legislature, "we must look to the intent of the Legislature to determine which exercise of authority is to prevail." 468 Pa. 174, 182, 360 A.2d 607, 612 (1976). We noted also that, "The Legislature has explicitly directed that whenever zoning regulations impose higher standards 'than are required in any other statute' the zoning regulations 'shall govern.'" 468 Pa. at 185, 360 A.2d at 613. Thus, this Court held that the Bureau was not immune to Pittsburgh's zoning ordinances and regulations and reversed the decree of the Commonwealth Court. 468 Pa. 174, 360 A.2d 607 (1976).

Appellee City of Pittsburgh then amended its complaint to allege that three other properties were being used and occupied by the Bureau as pre-release centers in violation of local zoning regulations.[1] Commonwealth Court found the Bureau had unqualifiedly admitted this allegation and held that any facts in dispute were relevant only to defenses not

1. The other properties were: (1) 7228 Thomas Boulevard, (2) 915 Ridge Avenue and (3) 501 North Negley Avenue. The City later

available to the Bureau. Commonwealth Court, en banc, therefore, granted summary judgment in favor of the City. On this appeal, the Bureau argues that Commonwealth Court erred in refusing to entertain its defense that the zoning ordinance is unconstitutionally vague, arbitrary and exclusionary.[2]

It is established that, "the statutory remedy prescribed by the Legislature is the exclusive remedy to be pursued by one 'aggrieved' by a zoning ordinance . . ." *Pittsburgh Outdoor Advertising v. Clairton,* 390 Pa. 1, 9, 133 A.2d 542, 546 (1957). See also *Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968); *Pittsburgh v. Oakhouse Associates,* 8 Pa.Cmwlth. 349, 301 A.2d 387 (1973). The Bureau concedes that Section 7 of the Act of 1927, 53 P.S. § 25057[3] creates the standard procedure by which to challenge the constitutionality or lawfulness of local zoning ordinances and regulations. The Bureau argues, however,

withdrew its complaint with respect to the Ridge Avenue property when it discovered that the requisite permits had been issued to the Bureau.

2. We hear this appeal pursuant to Section 723(a) of the Judicial Code, 42 Pa.C.S.A. § 723(a).

3. Pertinent portions of the comprehensive statute creating the board of adjustment and granting a right of appeal from any of its decisions follow:

"The mayor of every city of the second class shall, with the approval of the council, appoint a board of adjustment and in the regulations and restrictions adopted pursuant to the authority of this act, it shall be provided that the said board of adjustments may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance, in harmony with its general purpose and intent and in accordance with general or specific rules therein contained.

\*   \*   \*   \*   \*   \*

Appeals to the board of adjustment may be taken by any person aggrieved, or by the head of any department affected by or interested in any decision of the officer charged with the administration of the ordinance. Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken.

that it has no statutory remedy and, thus, no adequate remedy at law because the court of common pleas has stayed, pending the outcome of this litigation, the Bureau's appeal of a denial of a zoning permit with respect to one of the properties in this dispute.[4] In this exceptional circumstance, the Bureau contends, equity must consider the constitutionality of the ordinance it is enforcing.

But this argument is self-defeating. The very fact that there is a legal proceeding pending at which the constitutional claim may be litigated undermines any claim that there is no statutory remedy. Thus we conclude that Commonwealth Court was correct when it ruled that equity has no jurisdiction in this case to determine the merits of the Commonwealth's legal defenses.[5]

The Bureau argues, in addition, that summary judgment was inappropriate because certain affidavits raise a dispute concerning material facts. See Pa.R.C.P. 1035(b). The Affidavit of William J. Cammarata avers, for example, that the Thomas Avenue property is not used "as an institution," and that it is in compliance with the City's zoning

> An appeal shall stay all proceedings in furtherance of the action appealed from, unless the officer from whom the appeal is taken certifies to the board of adjustment, after the notice of appeal shall have been filed with him, that by reason of facts stated in the certificate a stay would in his opinion cause imminent peril to life or property.
>
> \*    \*    \*    \*    \*    \*
>
> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any property owner, or the head of any department interested therein, may present to the court of common pleas of the county wherein said city may be located, a petition duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality."
>
> The Bureau does not argue that the injunction sought against it was "in furtherance of the action appealed from."

4. The Bureau does not claim either that it requested the Commonwealth Court to stay its proceedings pending the outcome of its appeal from the board of adjustment's denial of permits for the Thomas Avenue property or that there was any bar to earlier recourse to the board.

5. We need not, therefore, reach appellants' claim that equitable jurisdiction would lie if the relief mandated by Section 25057 were not available.

ordinance. Commonwealth Court correctly found, however, that the only disputed issues of fact concerned legal issues "properly raised only through the applicable zoning procedures and judicial review thereof." 32 Pa.Cmwlth. 596, 598, 379 A.2d 1388, 1389. Since Commonwealth Court properly decided that it did not have jurisdiction to hear these claims, its decision that disputes about these facts are not material is also correct.

Decree of the Commonwealth Court affirmed. Each party to pay own costs.

EAGEN, C. J., filed a dissenting opinion in which NIX, J., joined.

NIX, J., filed a dissenting opinion.

EAGEN, Chief Justice, dissenting.

While I still persist in my view that the Pennsylvania Bureau of Correction is not subject to municipal zoning ordinances and regulations,* *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 187, 360 A.2d 607, 614 (1976) (Eagen, J. (now Chief Justice) dissenting, joined by Jones, C. J. and Nix, J.), a majority of this Court has ruled otherwise and, in the interest of finality, I feel constrained to accept that ruling for the purposes of this appeal.

Further, while I agree that the proceeding at law must be utilized to challenge the constitutionality of the zoning ordinance, I would urge that, given the circumstances of this dispute, resolution of the equity action be delayed until the constitutionality of the zoning ordinance is determined.

NIX, J., joins this opinion.

NIX, Justice, dissenting.

I, too, remain convinced that the Bureau of Correction is not subject to municipal zoning ordinances and regulations. *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 187, 360 A.2d 607, 614 (1976) [Eagen, J. (now Chief Justice), dissenting, joined by Jones, C. J. and Nix, J.]. Additionally, I disagree with the majority's holding that because of the

* *See* 15 Duquesne Law Review 721 and 50 Temple Law Quarterly 905.

46

availability of an exclusive statutory remedy, here section 7 of the Act March 31, 1927, P.L. 98, No. 69, 53 P.S. § 25057 (1957), the Bureau's constitutional defenses to the City's suit in equity were not properly within the Commonwealth Court's jurisdiction. In my view, the rule requiring the pursuit of exclusive statutory remedies is proper only when applied to a *plaintiff* who has selected the wrong forum in which to raise a challenge to a zoning ordinance. In such a case it is appropriate to put plaintiff out of court and compel him to pursue the statutory remedy, because, at least at that stage, plaintiff is in exclusive control of the lawsuit. In fact, the case cited by the majority as direct authority for its holding, *Pittsburgh Outdoor Advertising Co. v. Clairton,* 390 Pa. 1, 9–10, 133 A.2d 542 (1957), applied the rule to exactly that procedural posture. *But see Honey Brook Twp. v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968). In the instant case, the Bureau had no control over the choice of forums. It was hailed into the court of equity by the City to defend itself against the claim for injunctive relief. The effect of the majority's present application of the rule requiring pursuit of statutory remedies prevents defendants from asserting all available defenses in an equitable proceeding. I do not think the rule was intended to have such an effect, nor do I consider such a result to be proper.

I dissent.