509 A.2d 1332

Lower Mount Bethel Township, Appellant *v.* Stabler Development Company et al., Appellees.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

Robert J. Sugarman, with him, Cynthia L. Estlund, Sugarman & Hellegers, and Christopher T. Spadoni, for appellant.

Herbert Fishbone, Fishbone, Refowich and Scheer, with him, Frank A. Sinon, Rhoads & Sinon, for appellees.

OPINION BY SENIOR JUDGE BARBIERI, May 12, 1986:

This is a zoning appeal wherein Lower Mount Bethel Township (Township), Appellant, appeals here an order of the Court of Common Pleas of Northampton County. That order denied the Township's request for an injunction to prevent the Appellees, Stabler Development Company (Stabler) and Eastern Industries, Inc., (Eastern), from quarrying sand and gravel, in violation of the Township's zoning ordinance, on a forty acre tract of land owned by Stabler in the Township. We reverse.

The factual background of this case is somewhat complex. Stabler owns approximately eight hundred twenty-eight acres of land in the Township. This acreage is currently divided into two parcels, one of which borders on the Delaware River. The largest parcel, containing nearly eight hundred acres, is located along the Delaware River east of U.S. Route 611, hereinafter referred to simply as the "easterly tract." The other parcel, containing approximately forty acres, is located west of Route 611 and is hereinafter referred to simply as the

"westerly tract." The westerly tract is separated from the easterly tract by Route 611, a railroad right-of-way currently possessed by the Consolidated Rail Corporation (Conrail), and a twelve-acre parcel owned by Nebraska Consolidated Mills (Conagra). The Conrail right-of-way was conveyed to the railroad in 1916; the right-of-way for Route 611 was conveyed to the Commonwealth in 1929; and the Conagra parcel was conveyed to it in 1970 or 1971.

Stabler's predecessors in interest, Martin's Creek Portland Cement Company and Alpha Portland Cement Company (Alpha), have quarried the easterly tract for limestone and sand and gravel since 1899, except for a brief period from 1964 until 1970. The westerly tract was never quarried by Alpha although some studies were undertaken in the late 1960s as to sand and gravel reserves present in the westerly tract and some test bores drilled. When the Township enacted its present zoning ordinance in 1972, Alpha informed the Township that it did plan to quarry sand and gravel on the westerly tract sometime in the future, giving a 1987 to 1995 time frame, and requested that the tract be zoned to permit that operation. The ordinance was enacted by the Township and while the easterly tract was zoned to permit quarrying of the type that Alpha had undertaken, the westerly tract was zoned residential. Alpha did not take any further moves to secure zoning approval for quarrying on the westerly tract nor did it commence any preparatory work for quarrying on the westerly tract. The tract continued to be used for agricultural and residential purposes.

In 1980, eight years after the westerly tract had been zoned residential, Alpha filed an application with the Department of Environmental Resources (DER) to mine twenty-eight acres of the westerly tract. This application was subsequently withdrawn and refiled in

1982 as an amended application for mining on the easterly tract, which included the westerly tract as an integral part of the easterly tract. DER subsequently granted the permit.[1] In 1983, Stabler purchased all of Alpha's land holdings and the mining permit was assigned to it.

When Stabler commenced quarrying operations on the westerly tract, the Township sought an injunction to restrain Stabler from doing so in violation of the Township zoning ordinance. A hearing was held in common pleas court which denied injunctive relief. The common pleas court found that Stabler had proven that the westerly tract was a prior non-conforming use, i.e. quarrying, and that the Township had not proven abandonment of that use. Therefore, the common pleas court denied the injunction on that basis. The Township filed a timely appeal with this Court.

In this appeal, the Township argues that (1) the common pleas court erred in finding that Stabler had established a prior non-conforming use of quarrying on the westerly tract; (2) the common pleas court erred in finding that the easterly and westerly tracts were parts

---

[1] The issue of whether such activity was permitted under the local zoning ordinance was not addressed by DER in that the Environmental Hearing Board (EHB) had determined that neither the EHB nor DER has jurisdiction to resolve zoning questions which are to be litigated in another forum. DER and the EHB will take judicial notice, however, of any final court decision on such matters. See Wrightstown Township v. Department of Environmental Resources, EHB Docket No. 75-307-W, issued December 1, 1977. Neither The Clean Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. §§691.1-691.1001, nor the Surface Mining and Reclamation Act, Act of May 31, 1945, P.L. 1198, as amended, 52 P.S. §§1396.1-1396.31, pre-empt local zoning ordinances on the issue of permitted land uses. See Lower Allen Citizen's Action Group, Inc. v. Lower Allen Township Zoning Hearing Board, 93 Pa. Commonwealth Ct. 96, 500 A.2d 1253 (1985).

of one single parcel; and (3) the common pleas court erred in failing to find that any prior quarrying activity on the westerly tract had been abandoned. We shall address these issues in the order stated, cognizant that, in an equity action such as this, our scope of review is limited to determining whether the chancellor's findings are supported by substantial evidence, whether there was an error of law committed, or whether the chancellor abused his discretion. *Penn-Delco School District v. Schukraft*, 95 Pa. Commonwealth Ct. 619, 506 A.2d 958 (1986).

The Township first argues that the common pleas court's finding that Stabler established a prior non-conforming quarrying use on the westerly tract is not supported by substantial evidence. We are also mindful that Stabler, as the landowner, had the burden of proving that the non-conforming use existed at the time the ordinance was established. *Llewellyn's Mobile Home Court, Inc. v. Springfield Township Zoning Hearing Board*, 86 Pa. Commonwealth Ct. 567, 485 A.2d 883 (1985). The evidence submitted by Stabler on the existence of quarrying on the westerly tract consisted primarily of the testimony of John Ames, a former vice-president of Alpha, who testified that it was Alpha's intention to develop the westerly tract for sand and gravel production. Ames testified that during 1966 and 1967 some minimal sampling was done on the westerly tract to estimate sand and gravel reserves and that Alpha notified the Township of its intention to quarry the westerly tract as noted in the Township's 1972 Comprehensive Plan. No active quarrying or preparatory work was done by Alpha on the westerly tract prior to the enactment of the 1972 zoning ordinance, however, and Alpha continued to use the tract for farming and recreational purposes.

On the basis of this evidence, we are constrained to agree with the Township that the common pleas court's finding that Stabler established a prior non-conforming quarrying use on the westerly tract is not supported by substantial evidence. Rather, what is established is that Alpha had studied the feasibility of quarrying the westerly tract for the production of sand and gravel and had announced its intention to quarry that tract at some future date. In order to establish a prior non-conforming use, the landowner is required to provide objective evidence that the land was devoted to such use at the time the ordinance was enacted and a statement of the landowner's intent is inadequate to establish that non-conforming use. *Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1963); *Marshall Chevrolet, Inc. v. Zoning Hearing Board of the City of Reading,* 57 Pa. Commonwealth Ct. 525, 426 A.2d 1236 (1981).

We are likewise unconvinced that the continuous quarrying operations conducted on the easterly tract since the turn of the century carry over to the westerly tract for purposes of establishing a quarrying use on that tract. In *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980), we held that a non-conforming use located on one part of a single tract did not extend to the other, unused, portion of the same tract. Here, the tracts are non-contiguous, separated by a railroad, highway, and a twelve-acre industrial facility. We therefore reject Stabler's argument that the westerly tract was a component part of the quarrying operation located on the easterly tract. The common pleas court's finding that Stabler had proven a prior non-conforming quarrying use on the westerly tract is not supported by substantial evidence in the record and must be reversed.

Since Stabler failed to prove that its sand and gravel operations on the westerly tract constituted a continuation of a prior non-conforming use, its quarrying operations on that tract were prohibited by the Township's zoning ordinance which zones that particular tract residential. The Township is entitled, under Section 617 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10617, to enjoin violations of its zoning ordinance. *See also Bradley v. South Londonderry Township,* 64 Pa. Commonwealth Ct. 395, 440 A.2d 665 (1982); *Hilltown Township v. Mager,* 6 Pa. Commonwealth Ct. 90, 293 A.2d 631 (1972). The common pleas court erred in denying the Township an injunction to stop Stabler's quarrying operations on the westerly tract in violation of the Township's zoning ordinance.

Having determined that the Township is entitled to the injunctive relief it seeks in that Stabler failed to satisfactorily establish by substantial evidence a nonconforming quarrying use on the westerly tract, we need not address the other issues brought forth by the Township. Accordingly, we shall reverse the order of the common pleas court and remand this matter back to said court for the entry of the injunctive relief sought by the Township.

ORDER

Now, May 12, 1986, the final decree of the Court of Common Pleas of Northampton County at Docket No. 1984-CE-5258, dated February 11, 1985, is hereby reversed and this matter is remanded to said court for the entry of injunctive relief and any other such orders and decrees as are consistent with this opinion.

Jurisdiction relinquished.