526 A.2d 475

Ray Cossell, also known as, Raymond Cossell; and Robert Cossell, also known as, Bob Cossell, trading and doing business as, Greengate Auto Parts, Appellants *v*. Hempfield Township, Appellee.

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Michael J. Macko*, for appellants.

*Thomas J. Godlewski*, for appellee.

OPINION BY JUDGE PALLADINO, June 3, 1987:

Raymond and Robert Cossell trading as Greengate Auto Parts (Appellants) appeal an order of the Court of Common Pleas of Westmoreland County (trial court) which enjoined Appellants from conducting activity in violation of the Zoning and Junkyard Ordinances of Hempfield Township (Appellee).

Appellants own a parcel of land in Hempfield Township, Westmoreland County in an area zoned, pursuant to the Hempfield Township Zoning Ordinance, B-3, Highway Business District. Appellants operate a business on the premises known as Greengate Auto and Truck Parts. On February 22, 1984, Appellee filed a complaint in equity with the trial court, seeking an injunction which would restrain Appellants from a use that is not allowable in a B-3 District and in violation of the Hempfield Township Solid Waste and Junkyard Ordinance. Specifically, Appellee sought to enjoin Appellants from the following:

(a) Storing junk and debris upon the real property described in the within complaint;

(b) Operating any junkyard and storing junk automobiles, scrap iron and metals and auto and truck parts upon their property;

. . .

(e) Order that the Defendants refrain from continuing the depositing or storing of old junk, debris, junk automobiles, scrap iron and metal, and alike items on the premises described herein;

(f) Order that the Defendants refrain from violating the ordinances of Hempfield Township.

The trial court held an evidentiary hearing and granted the injunction on March 21, 1985. The trial court found that Appellants were operating an automobile salvage business and often had 20 to 25 damaged vehicles on the premises that were non-licensed and inoperative. Many of these vehicles were dismantled; parts were salvaged, and the carcass was eventually transported to another location. Appellants were prohibited from maintaining one or more used, unlicensed and inoperable automobiles or other vehicles on the premises and from storing or salvaging any form of waste including scrap metal and scrapped motor vehicles.

On appeal to this court, Appellants assert that the trial court erred in granting the injunction because: 1) Appellants' use of the property was the continuation of a legal, existing non-conforming use; 2) Appellee was estopped from enforcing the zoning ordinance; 3) the evidence does not support a finding that the vehicles on Appellants' property were "junk"; and 4) the Hempfield Township Zoning and Junkyard Ordinances are unconstitutional.

Our scope of review in equity matters is limited to determining whether the chancellor's findings are sup-

ported by substantial evidence, an error of law was committed, or whether the chancellor abused his discretion. *Babin v. City of Lancaster*, 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985). Appellants first contend that their business constituted a valid nonconforming use which existed prior to the enactment of the Hempfield Township Zoning and Junkyard Ordinances.

A non-conforming use status is available only for a lawful use which existed on the land when the zoning ordinance took effect. *Antonini v. Zoning Hearing Board of Marple Township*, 95 Pa. Commonwealth Ct. 420, 505 A.2d 1076 (1986). Appellants, as landowners, have the burden of proving that a lawful non-conforming use existed at the time the ordinance was established. *Lower Mount Bethel Township v. Stabler Development Company*, 97 Pa. Commonwealth Ct. 195, 509 A.2d 1332 (1986).

The zoning ordinance which classified the property in question as B-3, Business District became effective on January 5, 1970.[1] The list of allowable uses within a B-3 district included "Auto Sales, Service and Repair" and "Home and Trailer Sales and Display". "Junkyard and Waste Disposal Areas" were permitted by special exceptions in I-2 Heavy Industrial District. Appellants presented the testimony of an employee of Allegheny Clarklift, Inc., the prior owner of the property. He testified that the business conducted by Allegheny Clarklift on the premises included selling new and used forklifts, renting and servicing forklifts. However, the employee had been employed by Allegheny Clarklift, Inc. only

---

[1] The Hempfield Township Junkyard Ordinance was adopted by the Board of Supervisors of the Township of Hempfield on August 14, 1967.

The Solid Waste Ordinance was adopted by the Board of Supervisors of the Township of Hempfield on December 17, 1967.

since September 16, 1971. Therefore, his testimony is irrelevant in establishing what use was being conducted when the zoning ordinance took effect in 1970. Appellants also produced the testimony of the Hempfield Township Zoning and Enforcement Officer who recalled that prior to Allegheny Clarklift, the property was used by John Tavalesky as a GMC Truck Dealership. On cross-examination by the Township, the Zoning and Enforcement Officer testified:

Q. And there was there, this Mr. Tavalesky had a GMC Truck Dealership there, is that correct, sir?

A. Yes.

Q. Did you ever notice junk, debris or inoperable or wrecked automobiles ever stored on that property while the GMC Truck dealership was there?

A. No.

After a review of the record, we were unable to find substantial evidence which would establish that the current use of the property, an automobile salvage business, existed as a lawful, non-conforming use at the time the ordinance took effect. We conclude, therefore, that Appellants have not met their burden of proving that an automobile salvage business was the same use of the premises which existed at the time the zoning ordinance took effect. As a result, Appellants are not entitled to non-conforming use status.

Appellants' second contention is that the trial court erred in granting the injunction because the township was estopped from enforcing the zoning ordinance as a result of its acquiescence in a similar use by a prior owner of the property. Appellants rely on *Draving v. Lower Southhampton Township Zoning Hearing Board,* 40 Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979) for their estoppel argument. Their reliance is misplaced. In

*Draving,* the township appealed an order of the trial court which sustained the Dravings' appeal from the Zoning Hearing Board's order denying the Dravings' application for a grant of a *variance.* In the case at bar, Appellants appeal an injunction which enjoined them from violating the township's ordinances. The elements of a variance or a variance by estoppel are not presented by the facts of this case; therefore, this argument is without merit.

Third, Appellants contend that the evidence does not support the trial court's finding that the vehicles on their property were "junk" within the meaning of the Junkyard Ordinance. The Junkyard Ordinance provides the following definitions:

JUNK—Any and all forms of waste and refuse of any type of material, including scrap metal, junked or scrapped motor vehicles, trailers, machinery, containers, structures, glass and industrial waste. It shall not include a refuse or garbage kept in a proper container for prompt disposal.

JUNK DEALER—Any person who buys, sells, salvages, stores or in any way deals in junk, or owns, leases, operates or maintains a junkyard within the township.

JUNKYARD—Any place within the township where junk as herein defined is stored, disposed of, accumulated or maintained. Any premises having one (1) or more used, unlicensed and inoperable automobiles or other vehicles thereon shall in any event be deemed a 'junkyard'; provided, however, that any used automobile dealer or any automobile or truck dealer who is licensed or franchised as such dealer may store upon premises occupied by him, for a period not to exceed thirty (30) days, any one (1) junked au-

tomobile, with no more than three (3) junked automobiles at any one time ever to be upon such premises. Should such used automobile dealer or any licensed or franchised automobile or truck dealer have a junked automobile upon the premises for more than thirty (30) days or in excess of the permitted number of junked automobiles, the premises of the used automobile dealer or the licensed or franchised truck or automobile dealer shall be a 'junkyard' under the terms of this chapter.

Our review of the record convinces us that there is substantial evidence to support the findings of the trial court. The Zoning and Enforcement Officer testified that on more than one occasion he observed twenty or more wrecked automobiles, some damaged in the front and some damaged in the rear, which were unlicensed and inoperable, on Appellants' premises. The fact that there exists evidence contrary to the findings of the trial court does not mean that those findings are not supported by substantial evidence as it is within the province of the chancellor to accept the testimony of one witness over that of another. *Babin*. We therefore reject Appellants' challenge to the evidentiary support for the trial court's findings.

Lastly, Appellants attack the constitutionality of the Zoning and Junkyard Ordinances. They argue that the "Junkyard Ordinance is illegal and unenforceable because it is vague and overbroad" and that the "Zoning Ordinance is illegal and unenforceable because it totally excludes the sale of slightly damaged or rebuildable motor vehicles." However, a constitutional challenge to these ordinances cannot be raised in this equity proceeding. *Township of Honey Brook v. Alenovitz*, 430 Pa. 614, 243 A.2d 330 (1968). Such legal issues are properly raised only through the applicable zoning procedures

and judicial review thereof. *City of Pittsburgh v. Commonwealth of Pennsylvania,* 32 Pa. Commonwealth Ct. 596, 379 A.2d 1388 (1977), aff'd, 485 Pa. 40, 400 A.2d 1301 (1979).

Accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, June 3, 1987, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.